[Civ. No. 5704.  First Appellate District, Division One.—February 18, 1927.]

F. B. GIBBON, Appellant, v. JUSTICE'S COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] JUSTICE'S COURT—ISSUE OF LAW—TRIAL—DISMISSAL OF ACTION—CONSTRUCTION OF SECTION 890A, CODE OF CIVIL PROCEDURE.—In the enactment of section 890a of the Code of Civil Procedure, which provides that "Judgment of dismissal must be entered whenever the plaintiff fails to bring the action to trial within two years after the case is brought to an issue of law or fact except where the parties have stipulated in writing that the time may be extended," it was the legislative intention to provide for dismissals when the plaintiff has failed after issues of law or fact have been tendered by proper pleadings to bring the action to trial upon the issue presented; and where it appears that no issues of fact were presented, but that the issue of law raised by a demurrer was tried, although not decided, within the two-year period the requirements of the section were met, and the motion for a dismissal was properly denied.

(1) 35 C. J., p. 641, n. 33; 38 Cyc., p. 1267, n. 1.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  George H. Cabaniss, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Matthew A. McCullough for Appellant.

McKinstry, Haber & Firebaugh and Pierce Coombes for Respondents.

CASHIN, J.—Appeal from a judgment denying a petition for a writ of mandate directing the dismissal of an action pending in Justice's Court of the City and County of San Francisco.

It was sought by the action mentioned to recover from appellant as a stockholder a proportionate part of a debt of a corporation.  The action was filed in the Justice's Court and summons issued on July 28, 1921.  Appellant appeared therein on April 2, 1923, by filing a written demurrer to

the complaint, which was submitted for decision on the issue of law presented on February 19, 1924. When this issue was decided does not appear from the record, but it is stated in appellant's brief that an order overruling the demurrer was made on April 8, 1926, notice of which was given appellant on the same day. A motion was then made by appellant to dismiss the action under the provisions of section 890a of the Code of Civil Procedure, which motion was denied.

It is contended that, it appearing that the action was not brought to trial on issues of fact within two years after the filing of the demurrer, it was the duty of the court under the provisions of the section to dismiss.

The material part of this section provides as follows: "Judgment of dismissal must be entered whenever the plaintiff fails to bring the action to trial within two years after the case is brought to an issue of law or fact except where the parties have stipulated in writing that the time may be extended . . . ''

As provided by section 588 of the Code of Civil Procedure, issues arise upon pleadings when a fact or a conclusion of law is maintained by the one party and is controverted by the other. They are of two kinds,—(1) of law, and (2) of fact; and it has been held that a trial is the examination before a competent tribunal of the facts or law put in issue in a cause for the purpose of determining such issue; and when a court hears or determines any issue of fact or law for the purpose of determining the rights of the parties it may be considered a trial (*Goldtree* v. *Spreckels,* 135 Cal. 666 [67 Pac. 1091]; *Tregambo* v. *Comanche Milling & Mining Co.,* 57 Cal. 501; 24 Cal. Jur., Trial, p. 716).

[1] It is clear from the language of section 890a of the Code of Civil Procedure that it was the legislative intention to provide for dismissals when the plaintiff has failed after issues of law or fact have been tendered by proper pleadings to bring the action to trial upon the issue presented, and where it appears, as here, that no issues of fact were presented, but that the issue of law was tried, although not decided, within the two-year period the requirements of the section were met, and the motion was properly denied.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.