[S. F. No. 19059. In Bank. Jan. 28, 1955.]

INES BERRI, Individually and as Administratrix, etc., Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents; BANK OF AMERICA et al., Real Parties in Interest.

Alfred J. Hennessy for Petitioner.

Samuel B. Stewart, Jr., Christopher M. Jenks and Arthur V. Toupin for Respondents and Real Parties in Interest.

CARTER, J.—This case involves the interpretation of section 583 of the Code of Civil Procedure.* On April 21, 1948,

---

*"Any action . . . shall be dismissed by the court . . . on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, . . ." (Code Civ. Proc., § 583.)

plaintiff commenced an action. First and second amended complaints were filed before defendants appeared. Defendants' demurrers to plaintiff's second, third and fourth amended complaints were sustained with leave to amend. On March 4, 1953, the court made an order sustaining, without leave to amend, defendants' demurrer to the fifth amended complaint, 48 days before the expiration of the five-year period after commencement of the action. No judgment was ever entered. On April 10, 1953, plaintiff filed notice of appeal from that order. The appeal was dismissed on November 9, 1953, by the District Court of Appeal.† On October 19, 1953, after the five-year period had expired, plaintiff allegedly discovered that no judgment had been entered on the order sustaining the demurrer, and he presented a judgment to the court for signing and entry. The court refused, stating it thought a formal motion for entry of a judgment should be made inasmuch as the five years had elapsed. Defendants served and filed a notice of motion (November 12, 1953) to dismiss the action on the ground that it had not been brought to trial within five years of the commencement of the action as required by section 583, *supra*. That motion is now pending as the trial court deferred ruling thereon pending the decision in the instant proceeding. Plaintiff, petitioner here, seeks mandamus against the court and clerk thereof to compel the entry of judgment pursuant to the order sustaining the demurrer.

With regard to the running of the five-year period, it has been held that the determination or a hearing on a demurrer to the complaint is not a trial within the meaning of section 583 of the Code of Civil Procedure and hence the action is subject to dismissal after the five-year period has expired unless the ruling on demurrer is a final determination of the case. (Where the demurrer or demurrers were sustained but leave to amend was given: *De Roode v. County of Placer*, 112 Cal.App.2d 859 [247 P.2d 390]; *Anderson v. City of San Diego*, 118 Cal.App.2d 726 [258 P.2d 842]; *Breakstone v. Giannini*, 70 Cal.App.2d 224 [160 P.2d 887]; *Meier v. Superior Court*, 55 Cal.App.2d 675 [131 P.2d 554]; where demurrer pending: *Jackson v. De Benedetti*, 39 Cal. App.2d 574 [103 P.2d 990]; where the demurrer was overruled: *Perrin v. Miller*, 35 Cal.App. 129 [169 P. 426].)

---

†An appeal may not be taken from an order sustaining a demurrer; it must be taken from the judgment entered thereon. (*Cole v. Rush,* 40 Cal.2d 178 [252 P.2d 1]; 3 Cal.Jur.2d, Appeal & Error, § 48.)

When the demurrer has been sustained and judgment of dismissal has been entered there has been a trial and the action is not subject to dismissal under section 583. (*Smith* v. *City of Los Angeles,* 84 Cal.App.2d 297 [190 P.2d 943] ; see *Erganian* v. *Brightman,* 13 Cal.App.2d 696 [57 P.2d 971].)

However, in cases involving the right of the plaintiff to voluntarily dismiss "before trial" under section 581 of the Code of Civil Procedure it has been held that he could not dismiss after a demurrer had been sustained without leave to amend but before judgment because the case had been brought to trial. (See *Goldtree* v. *Spreckels,* 135 Cal. 666 [67 P. 1091] ; *London* v. *Morrison,* 99 Cal.App.2d 876 [222 P.2d 941] ; *Gibbon* v. *Justice's Court,* 81 Cal.App. 396 [253 P. 961] ; *Provencher* v. *City of Los Angeles,* 10 Cal.App.2d 730 [52 P.2d 983], judgment of dismissal entered; contra *Home Real Estate Co.* v. *Winnants,* 39 Cal.App. 643 [179 P. 534].) And it has been said generally in defining a trial that it is the determination of an issue of law or fact; a demurrer of course calls for the determination of an issue of law only. (*City of Pasadena* v. *Superior Court,* 212 Cal. 309 [298 P. 968] ; *O'Day* v. *Superior Court,* 18 Cal. 2d 540 [116 P.2d 621] ; *Redington* v. *Cornwell,* 90 Cal. 49 [27 P. 40] ; *Tregambo* v. *Comanche M. & M. Co.,* 57 Cal. 501; *Booth* v. *County of Los Angeles,* 69 Cal.App.2d 104 [158 P.2d 401] ; see Code Civ. Proc., §§ 588-591, defining issues and mode of determination.) But in *Superior Oil Co.* v. *Superior Court,* 6 Cal.2d 113 [56 P.2d 950], the court held that an action was not brought to trial within the meaning of section 583 where a hearing had been had on an application for a preliminary injunction in an action for an injunction, the court stating that a trial is a trial of issues of fact with the purpose of determining the case on the merits.

It is clear that where there has been a judgment of dismissal after demurrer sustained without leave to amend or leave to amend is granted but plaintiff fails to amend within the time allowed, the action is finally terminated by the judgment because there is no longer any pending undetermined action to dismiss. It should also be clear that an action is not subject to dismissal where issues of law leading to its final determination have been submitted. If that were not true, then an action presented on stipulated facts could be dismissed even though it had been submitted for decision on those facts. (See *Martin* v. *Gibson,* 48 Cal. App.2d 449 [119 P.2d 1012].) The essential thing is that

the action be brought to a stage where final disposition is to be made of it. ▮ Actions can be finally disposed of by an order sustaining a demurrer and the entry of an ensuing judgment dismissing the action. ▮▮ It is true that an order sustaining a demurrer without leave to amend is not appealable as it is not the final judgment in the case (see authorities cited *supra*) and that the trial court may reconsider its ruling after such an order but before judgment and come to a different conclusion. (*Bank of America* v. *Superior Court*, 20 Cal.2d 697 [128 P.2d 357]; *Frantz* v. *Mallen*, 204 Cal. 159 [267 P. 314]; *Davis* v. *Stroud*, 52 Cal.App.2d 308 [126 P.2d 409]; *De La Beckwith* v. *Superior Court*, 146 Cal. 496 [80 P. 717].) ▮ Ordinarily, in the absence of a request for a reconsideration, after a demurrer is sustained without leave to amend, as here, no formal motion to dismiss the action is necessary. The entry of a judgment of dismissal follows as a matter of course. It is only by the entry of the judgment that plaintiff is in a position to test the correctness of the court's ruling since there is no appeal from a ruling on a demurrer but only from the ensuing judgment. (*Michaels* v. *Mulholland*, 115 Cal.App.2d 563, 564 [252 P.2d 757].) ▮ Where a demurrer has been sustained without leave to amend, or the time given to amend has expired, the matter has reached such a stage that a final determination of the action is contemplated, and hence section 583 does not require a dismissal because of the lapse of five years since the commencement of the action. There is nothing in the instant case to indicate other than that the case is to be finally disposed of on issues of law—by way of demurrer. (*Cf. Superior Oil Co.* v. *Superior Court, supra,* 6 Cal.2d 113.) ▮ It is suggested that mandamus is not the proper remedy as other remedies are adequate and the trial court did not have an opportunity to pass on the question. But the trial court refused to have the judgment entered after demurrer was sustained without leave to amend and no appeal would lie from that refusal. While it did suggest that plaintiff file a formal motion for the entry of judgment, that was only to present the issue of whether the five years had run between the commencement of the action and the trial, if any, was had. Defendants presented that issue to the court by their motion to dismiss. If that motion had been denied defendants could obtain relief by mandamus (*Superior Oil Co.* v. *Superior Court, supra,* 6 Cal.2d 113; 16 Cal.Jur.2d, Dismissal, etc., § 67) but the validity of the order sustaining the demurrer would still not have been

determined. Of course, if defendants' motion were granted, a judgment of dismissal would have been entered and plaintiff could have appealed from it, but that is not the situation presented here. This is a case where mandamus is necessary to put plaintiff in a position to test on appeal the propriety of an order sustaining a demurrer without leave to amend and there must be a judgment entered in order to do that.

Inasmuch, however, as the trial court may change its ruling on the demurrer, as no judgment has been entered, the trial court is hereby directed to render judgment, or if it deems advisable, give consideration to a reexamination of its ruling. In case it does the latter, however, the action is not subject to dismissal because under the above reasoning there has been, in effect, a partial trial of the action and section 583 is inoperative. ▆▆ A partial trial of an action will take the case out of the operation of section 583 (*City of Los Angeles* v. *Superior Court*, 15 Cal.2d 16 [98 P.2d 207]; see *O'Day* v. *Superior Court, supra*, 18 Cal.2d 540). Let the writ issue directing the trial court to enter a judgment of dismissal or overrule the demurrer.

Shenk, J., Schauer, J., and Spence, J., concurred.

Gibson, C. J., concurred in the judgment.

EDMONDS, J.—The respondent contends that mandate is not available to Berri because of her refusal to pursue a plain and adequate remedy in the trial court. In *Phelan* v. *Superior Court*, 35 Cal.2d 363 [217 P.2d 951], it is said: "Section 1068 of the Code of Civil Procedure provides that the writ of mandate 'must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law.' . . . Although the statute does not expressly forbid the issuance of the writ if another adequate remedy exists, it has long been established as a general rule that the writ will not be issued if another such remedy was available to the petitioner. [Citations.] The burden, of course, is on the petitioner to show that he did not have such a remedy." (P. 366.)

When a proposed judgment was presented to the trial judge for signature, he requested counsel for Berri to show it to the defendants' attorneys. One of them notified the judge that, because more than five years had elapsed from the date of filing of the original complaint, a motion for dismissal

pursuant to section 583 of the Code of Civil Procedure would be made. The judge then directed Berri to move for entry of judgment in order that he might hear argument upon the legal question presented. Berri declined to do so, but commenced the present proceeding to compel the entry of a judgment. This court now issues a peremptory writ, not to compel the entry of judgment as sought by Berri, but to command the judge to hear and determine the matter as he would have done had Berri made the requested motion.

The writ is allowed upon the ground that "the trial court refused to have the judgment entered after demurrer was sustained without leave to amend and no appeal would lie from that refusal." This statement is contrary to the record.[1] The only "refusals" of the judge were to decline to sign a proposed judgment presented to him *ex parte* and to require a formal motion for entry of judgment in order to determine whether the defendants are entitled to have the action dismissed pursuant to section 583 of the Code of Civil Procedure.

The court has decided by the present proceeding only that the defendants are not entitled to a dismissal. In other words, mandate is used to decide an issue in advance of a decision upon it by the trial judge, when he did not refuse

---

[1]Judge Cronin's affidavit includes the following:

"[O]n or about October 19, 1953, Alfred J. Hennessy, Esq., attorney for the plaintiff in said action [Berri], requested me, as Judge of the Respondent Superior Court, to sign a form of judgment presented by him and based upon my previous order sustaining the demurrer without leave to amend. At the time that Mr. Hennessy made this request, I requested him to exhibit this proposed form of judgment to counsel for the defendants, since under said form of judgment, defendants were the prevailing parties. Shortly thereafter, I received a telephone call from Arthur V. Toupin, one of the attorneys for the defendants, advising me that Mr. Hennessy had been in to see him concerning said form of judgment, that more than five years had elapsed since the filing of the original complaint in said action, that defendants intended to file a motion to dismiss upon that ground, and that in any event the defendants desired an opportunity to be heard upon the question of the application in said action of the five-year provision of Section 583 of the Code of Civil Procedure. When Mr. Hennessy, shortly thereafter, returned to see me, I suggested to him that because of the legal question presented by the running of five years from the filing of the complaint, and because I believed both sides should be heard on said question of law, that he prepare an appropriate notice of motion and that I would, if he wished, shorten the time for the hearing of such motion to 24 hours after service of the notice of motion upon counsel for the defendants. I did not at that time nor have I at any other time unqualifiedly refused to sign a judgment in said action based upon the order sustaining the demurrer without leave to amend. Neither the plaintiff in said action nor her counsel has at any time filed in the Respondent Court such a notice of motion or motion as suggested by me nor have either of them requested me, or, to my knowledge, any other department of the Respondent Court to hear legal argument on said question."

to decide it but designated a procedure expressly for that purpose. The writ of mandate, which ostensibly is peremptory, commands nothing more than that the trial judge decide the other issues which would have been presented in such a proceeding.

The majority opinion observes that the question which now is decided also was presented to the trial judge by the defendants' motion to dismiss. What possible relevancy that fact may have to a determination of whether Berri's remedies in the trial court were adequate is not stated. If bearing at all upon that determination, it would tend to show that the present proceeding is unnecessary to have the question of a dismissal decided. An alternative writ of mandate was issued before the date set for a hearing upon the motion, and when the trial judge was told of that fact he continued a hearing on the motion pending the outcome of the mandate proceeding. In these circumstances, a discussion of the alternatives available to him in ruling upon the motion seems to stray even farther from the question for decision.

The respondents correctly point out that the procedure directed by the trial judge and ignored by Berri, is that characterized in *Phelan* v. *Superior Court, supra,* as being plain, speedy and adequate. A motion for entry of judgment might have been granted based either upon the order sustaining the demurrer to the complaint or upon a dismissal of the action pursuant to section 583 of the Code of Civil Procedure. In either event, upon a single appeal, both the procedural question and the merits of the controversy which concerns the correctness of the order sustaining a general demurrer to Berri's complaint could have been determined.

In my opinion, the issuance of the writ of mandate to compel action which would have been obtained by following the procedure invited by the trial judge is contrary to the principles which govern the use of the writ. And in view of the plain remedy available to Berri in the trial court, to compel the respondent to bear the costs of this proceeding which nominally is in Berri's favor seems particularly unjust.

I would deny the writ.

Traynor, J., concurred.

The petition of respondents and real parties in interest for a rehearing was denied February 24, 1955. Edmonds, J., and Traynor, J., were of the opinion that the petition should be granted.