[No. C036231. Third Dist. May 15, 2001.]

EMIL POLLAK, Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Respondent;
STATE BOARD OF EQUALIZATION, Real Party in Interest and
Respondent.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III and IV of the DISCUSSION.

COUNSEL

Ben Allamano for Plaintiff and Appellant.

Elise S. Rose and Bruce A. Monfross for Defendant and Respondent.

Timothy W. Boyer, Jean Ogrod and Blanca M. Breeze for Real Party in Interest and Respondent.

OPINION

**SIMS, Acting P. J.**—Emil Pollak appeals from the trial court's denial of his supplemental petition for writ of administrative mandate (Code Civ. Proc., § 1094.5; undesignated statutory references will be to this code) and denial

of his motion for attorney's fees (Gov. Code, § 800), arising from Pollak's dissatisfaction with the administrative handling by the State Personnel Board (SPB) of Pollak's challenge to discipline imposed by his employer, the State Board of Equalization (BOE).

SPB sustained four separate disciplinary charges against Pollak and ordered that he be demoted. Pollak filed a petition for administrative mandamus in the trial court, and the court, after a review of the evidence in the administrative record, found that some of the charges should be sustained and some should not. The trial court remanded the case to SPB to reconsider the penalty in light of the trial court's ruling that some of the charges should not be sustained. Even though the trial court had sustained various charges, Pollak did not appeal from that judgment.

On remand, the SPB took no new evidence but reduced the penalty. Pollak filed a supplemental petition for writ of mandate in the trial court, using the same action number as his original petition. He asked the trial court to re-review the record, to eliminate all charges against him, and to award him attorney's fees. The trial court refused to re-review the record to determine whether any of the original charges that the trial court had sustained should be eliminated. The trial court reasoned that if Pollak was dissatisfied with the original judgment, he should have appealed, and principles of res judicata now barred his attempt to relitigate whether the sustained charges should be eliminated. The trial court also denied his request for attorney's fees.

On appeal, Pollak contends the trial court erred in (1) determining its rulings on Pollak's original petition were final and not subject to review in the supplemental petition, (2) limiting its review to the new penalty imposed by SPB (after remand from the original petition) rather than reviewing the entire SPB decision, and (3) failing to grant attorney's fees to Pollak.

In the published portion of this opinion, we shall conclude the trial court correctly concluded Pollak could not relitigate issues that had been determined against him in the adjudication of his original petition, because Pollak was seeking a new trial on issues of fact previously adjudicated by the court, and Pollak filed no motion for new trial. In the unpublished portion of the opinion, we reject Pollak's remaining claims of error.

We shall therefore affirm the trial court in all respects.[1]

---

[1]In this appeal, BOE has filed a respondent's brief on all issues, while SPB has filed a respondent's brief limited to the issue of attorney's fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Pollak, who was employed by BOE as a business taxes compliance specialist, received from BOE in January 1998, a "Notice of Adverse Action" (Gov. Code, § 19574), alleging acts and omissions (which the parties divide into four charges) constituting cause for demotion to a lower job classification with lower pay, on statutory grounds of (1) inefficiency, (2) inexcusable neglect of duty, (3) insubordination, (4) willful disobedience, and (5) other failure of good behavior under Government Code section 19572.

Charge 1 alleged Pollak agreed to arbitration of a case (the Restaurant Z case) pending before the bankruptcy court, without authority and without obtaining the agreement of Deputy Attorney General (DAG) Lew, who was handling the case.

Charge 2 alleged Pollak made the matters alleged in charge 1 (the Restaurant Z case) worse by inappropriately contacting the debtor's attorney for his assessment of DAG Lew's reaction, obtaining court records, and directly contacting DAG Lew rather than going through channels, in an attempt to justify the inappropriate conduct alleged in charge 1.

Charge 3 alleged Pollak failed to follow procedures when he initialed a handwritten document purporting to be an agreement reached at a mediation of a bankruptcy case (the Oil Company S case), after DAG Julian Standen had already left the meeting. Pollak failed to advise anyone at BOE of the agreement and cancelled the reaudit of the account.

Charge 4 alleged Pollak reduced a taxpayer's liability without consulting his supervisors and without advising the BOE unit charged with handling the account (the Gas Station B.P. case).

The Notice of Adverse Action noted Pollak had been counseled and disciplined in 1996 and 1997 for failure to follow established policies.

The Notice of Adverse Action stated: "This action is being taken against you for the causes specified in the following subsections of Government Code section 19572:

"(c) Inefficiency

"(d) Inexcusable neglect of duty

"(e) Insubordination

"(o) Willful disobedience

"(t) Other failure of good behavior either during or outside of duty hours which is of such a nature that it causes discredit to the appointing authority or the person's employment[.]"

Pollak filed an administrative appeal with SPB.

In October 1998, the administrative law judge (ALJ) sustained all four charges (combining the first and second charges under the heading "Restaurant 'Z' "). The ALJ issued a proposed decision making factual findings and determining "[Pollak's] pattern of not following instructions and failing to comply with established policies and procedures, which continued despite prior counseling and corrective efforts, constituted violations of Government Code section 19572, subdivisions (c) Inefficiency; (d) Inexcusable neglect of duty; (e) Insubordination; (o) Willful disobedience; and (t) Other failure of good behavior either during or outside of duty hours which is of such a nature that it causes discredit to the appointing authority or the person's employment." The ALJ concluded that in light of the potential harm to the public service and the high likelihood of repetition, the demotion should be sustained.

SPB adopted the ALJ's proposed decision to demote Pollak.

In April 1999, Pollak filed his *original* petition for writ of administrative mandamus (which is not the subject of this appeal). Following a hearing, the trial court found some, but not all, of the administrative findings lacked supporting evidence. The trial court entered judgment in September 1999, *denying* the writ petition as to charges 1 and 2, and portions of charge 3 (thereby implicitly finding the evidence supported the charges), but *granting* the writ petition as to portions of charge 3 and all of charge 4. With respect to charge 3, the trial court concluded the administrative findings were not supported by substantial evidence, except the finding that Pollak directed that the audit be canceled. With respect to charge 4, the trial court concluded the administrative findings were not supported by substantial evidence. The hearing transcript attached to the judgment reflected the court was striking some of the most egregious matters. The judgment also determined the administrative determinations of insubordination and willful disobedience under Government Code section 19572 were inaccurate and not sustained by the findings. The trial court's written decision stated in pertinent part: "Given that based on the Court's actions herein, the Court has a real doubt that the penalty imposed would remain the same, the Court determines that the matter should be remanded to the California State Personnel Board for

further action consistent with this Court's judgment, specifically reviewing the issue of the proper penalty to be imposed." The writ commanded SPB to set aside the portion of the administrative decision imposing the demotion penalty, reconsider the penalty, and prepare a new decision.

Pollak did not file an appeal from that judgment insofar as it denied in part his writ petition, thereby sustaining various charges found by the SPB. Insofar as the judgment granted in part his writ petition, Pollak filed a motion for attorney's fees under various statutes, which was not immediately heard in the trial court.

Upon remand, SPB sent Pollak and BOE a letter indicating it would reconsider the penalty and inviting the parties to submit briefs if they chose to do so, but noting neither party was required to file a brief. Only Pollak filed a supplemental brief, in which he sought to revisit all issues and urged SPB to reexamine the entire decision.

Without further hearing or taking any new evidence, SPB in November 1999 issued a new decision in which it modified the demotion to a 5 percent salary reduction for 12 months. SPB's new decision noted Pollak had filed a supplemental brief. SPB's new decision stated, "[t]his case is back before the Board after the Sacramento County Superior Court issued an order instructing the Board to vacate its decision, and remanded the case to the Board to consider the appropriate penalty, if any, to be imposed on [Pollak] in light of the court's dismissal of certain of the charges and legal causes of action asserted against [Pollak] by [BOE]." SPB's new decision recited the trial court's disposition of the factual "allegations" and noted dismissal of allegations that the trial court determined were not supported by the evidence.

With regard to the statutory causes for discipline, SPB's new decision noted: "The Order of the court is unclear as to whether the alleged violations of Government Code section 19572, subdivisions (e) insubordination and (o) willful disobedience were dismissed in their entirety or only as to those factual allegations which the court dismissed. The Board believes that those factual allegations which the court sustained constitute violations of subdivisions (e) and (o). However, for purposes of this Decision the Board will assume that the court intended to dismiss those legal causes in their entirety." SPB determined the factual "allegations" sustained by the trial court constituted legal cause for discipline on the remaining statutory grounds of:

(1) Inefficiency (Gov. Code, § 19572, subd. (c));

(2) Inexcusable neglect of duty (Gov. Code, § 19572, subd. (d)); and

(3) Other failure of good behavior of such a nature that it causes discredit to the appointing authority or the person's employment (Gov. Code, § 19572, subd. (t)).

SPB concluded: "While some of the factual charges and legal causes for discipline filed against [Pollak] have been dismissed, the BOE did provide ample evidence demonstrating that, despite being previously and repeatedly advised of the need to adhere to BOE procedures, on several occasions [Pollak] failed to abide by applicable policies and procedures of the BOE when performing his duties. [¶] [Pollak's] unauthorized actions compromised the San Francisco District office's working relationship with both the Attorney General's office and the BOE's Special Procedures Section. [Pollak] demonstrated little or no insight into the impropriety of his behavior. In light of the potential harm to the public service and the high likelihood of repetition, the Board finds that a five (5) percent reduction in salary for twelve (12) months is a just and proper penalty in this case, a penalty that should impress upon [Pollak] the gravity of his misconduct."

On February 8, 2000, Pollak filed in the trial court his "SUPPLEMENTAL PETITION FOR WRIT OF MANDATE," which is the subject of this appeal. The supplemental petition bore the same court case number as the original petition.[2] The supplemental petition recited the history of the case and then alleged that upon remand concerning the original petition, SPB set aside its previous decision on November 3, 1999, and allowed the parties to submit written argument, and Pollak did submit written argument to SPB urging SPB "to thoroughly review the record because this court's determination under the substantial evidence rule that certain findings were supported by evidence is not equivalent to a determination by the court that the findings are correct." The supplemental petition alleged that on November 16, 1999, SPB issued a new decision, imposing a new penalty of a 5 percent reduction in pay for 12 months, on grounds of inefficiency, inexcusable neglect of duty, and other failure of good behavior under Government Code section 19572. Pollak complained in paragraph 10:

"[SPB's new decision] is invalid under section 1094.5 of the Code of Civil Procedure in that [SPB] committed prejudicial abuse of discretion in that [SPB] did not proceed in the manner as required by law in the following respects:

"A). [SPB] did not consider [Pollak's] written argument prior to arriving at its new decision;

---

[2] No party has objected to this procedure, whereby Pollak filed a supplemental petition in the same action. We express no view as to the propriety of such a procedure. (But see Cal. Administrative Mandamus (Cont.Ed.Bar 2d ed. 1989) Procedures After Trial, § 13.19, p. 421 [indicating supplemental petition is an authorized procedure].)

"B). [SPB] did not review the record in its entirety prior to rendering its new decision; and

"C). [SPB] did not render a decision that is just and proper."

The supplemental petition also alleged in paragraph 11:

"[SPB's new decision] is invalid under section 1094.5 of the Code of Civil Procedure in that [SPB] committed prejudicial abuse of discretion as follows:

"A). The determination that [Pollak] was guilty of inefficiency is not supported by the findings, by substantial evidence, by [SPB's] precedential decisions or by law.

"B). The determination that [Pollak] was guilty of inexcusable neglect of duty is not supported by the findings, by substantial evidence, by [SPB's] precedential decisions or by law.

"C). The determination that [Pollak] was guilty of failure of good behavior to the extent that it caused discredit to the agency is not supported by the findings, by substantial evidence, by [SPB's] precedential decisions or by law."

Pollak's supplemental petition requested that the trial court order SPB to set aside its decision and order payment of all back salary and benefits, or alternatively, that the court direct SPB to set aside its decision and reconsider the entire record before rendering a new decision.

BOE filed an answer to the supplemental petition in which it expressly denied the allegations of paragraphs 10 and 11.[3]

In its memorandum of points and authorities, BOE argued the issues previously decided by the court adversely to Pollak were no longer open for reexamination.

At the trial on the supplemental petition, the trial court stated in part: "I am inclined, indeed I believe the law properly requires at this time, to disregard and not consider any reargument of the Court's prior findings. To the extent you were dissatisfied with this Court's prior findings, your

---

[3]SPB filed a document entitled, "Notice of Appearance of the California State Personnel Board in Response to Supplemental Petition for Writ of Mandate," in which it stated it believed its decision was correct but that it was in the position of an impartial trial court and would abide by whatever decision the trial court rendered.

recourse was to appeal the Court's decision at that time. And failing to do that, the findings are final. There is a final judgment. So I do not desire and, indeed, I don't believe I am legally required to rehear that argument." The court said the issue before it in the supplemental petition was whether or not the new penalty constituted an abuse of discretion, either because the board relied upon facts negated by the trial court's earlier ruling, or because the penalty was excessive. The trial court said it saw no abuse of discretion. Pollak's attorney told the court he thought the supplemental petition "offered an avenue to revisit" the court's earlier determinations.

At the conclusion of the hearing, the trial court stated: "I believe the Court properly ruled previously. And I don't believe, even if I hadn't, that it is proper at this juncture to reevaluate those findings and to rerule in the sense that it was decided, then the recourse was an appeal in that context. [¶] The real issue that's properly before the Court in my mind is the issue of the punishment and whether or not it is abuse of discretion, and the Court concludes it is not. That, plus the previously articulated ruling on [the] petition."

Following the hearing, the trial court on June 6, 2000, entered its judgment denying the supplemental petition for writ of mandate in its entirety. The judgment stated in part that on August 13, 1999, the court issued a peremptory writ of mandamus remanding the proceedings to SPB commanding SPB to set aside its October 20, 1998, decision, and to reconsider the penalty in light of the court's decision. The judgment stated, "[t]he only issue before the Court is whether [SPB] committed an abuse of discretion in reducing the penalty from a demotion to a 5% salary reduction for a period of 12 months, either because [SPB] relied on facts negated by the Court or the penalty is excessive. [¶] . . . The Court finds that [SPB] did not abuse its discretion and issued a decision that is just and proper based on prior incidences of discipline and the findings made by the Court."

On July 18, 2000, the trial court issued an order (labeled "judgment") denying Pollak's motion for attorney's fees.

On August 3, 2000, Pollak filed a notice of appeal, appealing from both the judgment denying the supplemental writ petition and the denial of attorney's fees.

DISCUSSION

### I. Standard of Review

■ "Review of disciplinary action by an appointing authority is directed in the first instance to the [State Personnel] Board. The Board acts as an

adjudicatory body, weighing the evidence to determine the facts and exercising discretion to ascertain whether the charges sustained are sufficient for the discipline imposed. [Citation.] Because the Board is an agency of constitutional authority, its findings of fact are reviewable in an administrative mandamus proceeding under the substantial evidence test. [Citation.] 'The record must be viewed in a light most favorable to the decision of the Board and its factual findings must be upheld if they are supported by substantial evidence.' [Citation.]" (*Gonzalez v. State Personnel Bd.* (1995) 33 Cal.App.4th 422, 428 [39 Cal.Rptr.2d 282].)

"Decisions of the State Personnel Board, an agency of constitutional authority [citation], are reviewed only to determine whether substantial evidence supports the determination, even when vested rights are involved. [Citations.]" (*Coleman v. Department of Personnel Administration* (1991) 52 Cal.3d 1102, 1125 [278 Cal.Rptr. 346, 805 P.2d 300].)

■ " 'The penalty imposed by an administrative body will not be disturbed in mandamus proceedings unless an abuse of discretion is demonstrated. . . . Neither an appellate court nor a trial court is free to substitute its discretion for that of the administrative agency concerning the degree of punishment imposed.' (*Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395, 404 [134 Cal.Rptr. 206, 556 P.2d 306]; *Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 217 [124 Cal.Rptr. 14, 539 P.2d 774]; . . .)" (*Cummings v. Civil Service Com.* (1995) 40 Cal.App.4th 1643, 1652 [47 Cal.Rptr.2d 775].) ■ "[I]n a mandamus proceeding, an appellate court vis-à-vis *the trial court*, conducts a de novo review concerning possible abuse of discretion by the administrative agency. [Citation.] The trial court's determination of abuse or nonabuse of discretion by the administrative agency is of no concern to the appellate court. The appellate court gives no deference to the trial court's determination. It makes its own determination, de novo. [¶] Conversely, . . . in a mandamus proceeding an appellate court vis-à-vis *the administrative agency*, does *not* independently or 'de novo' determine penalty. '[A] court cannot substitute its discretion for that of the administrative agency on the degree of punishment to be imposed.' [Citation.]" (*Ibid.*, original italics.)

When the matter presents a question of law, we conduct de novo review. (*Rosenblit v. Superior Court* (1991) 231 Cal.App.3d 1434, 1442 [282 Cal.Rptr. 819].)

II. *The Trial Court Correctly Determined That Pollak Could Not Relitigate Issues Adjudicated by the Trial Court in Its First Judgment*

Pollak argues the trial court erred by applying principles of res judicata to preclude him from relitigating issues adjudicated by the trial court in its first

judgment. Pollak claims the original judgment was never final, because he was not required to appeal from it. Citing *Lennane v. Franchise Tax Bd.* (1996) 51 Cal.App.4th 1180, 1185[59 Cal.Rptr.2d 602], Pollak further argues that the first judgment should have no res judicata effect, because that judgment was entered *in the same action,* and principles of res judicata apply only to judgments entered in *different* actions.

We have no need to decide whether Pollak is correct on these points because, assuming for the sake of argument he is right, his argument proves too much. ■ Thus, as we shall explain, because Pollak's supplemental petition sought a readjudication of factual issues decided adversely to him by a judgment in the same action, he was ⌐ ⌐king a new trial as to those issues. Yet Pollak never made a motion for new trial, and, in the absence of such a motion, the trial court properly declined to retry those issues.[4]

Procedures for the granting of a new trial are set forth in sections 655 through 663.2.

These provisions apply in proceedings for administrative mandamus brought pursuant to section 1094.5. Thus, section 1110 provides: "The provisions of Part 2 of this Code [sections 307 through 1062.20] relative to new trials and appeals, except in so far as they are inconsistent with the provisions of this Title, apply to the proceedings mentioned in this Title [(tit. I of pt. three, entitled 'Review, Mandamus and Prohibition,' §§ 1067 through 1110b, which includes § 1094.5)]." Although the issue does not appear to have been expressly discussed, the courts have long recognized that motions for new trial may be made in proceedings for administrative mandamus brought pursuant to section 1094.5. (See, e.g., *Arenstein v. California State Bd. of Pharmacy* (1968) 265 Cal.App.2d 179, 183-184 [71 Cal.Rptr. 357]; *Akopiantz v. Board of Medical Examiners* (1961) 190 Cal.App.2d 81, 92-94 [11 Cal.Rptr. 810].)

Our Supreme Court definitively construed the statutes providing for new trials in *Carney v. Simmonds* (1957) 49 Cal.2d 84 [315 P.2d 305]. There the court said, "[t]he statutes on new trial provide that: 'A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court or referee.' (Code Civ. Proc., § 656.) 'An issue of law arises upon a demurrer to the complaint or answer, or to some part thereof.' (Code Civ. Proc., § 589.) 'An issue of fact arises—

" '1. Upon a material allegation in the complaint controverted by the answer; and,

---

[4]We have requested and obtained supplemental briefs from the parties on this issue.

" '2. Upon new matters in the answer, except an issue of law is joined thereon.' " (Code Civ. Proc., § 590.) A new trial may be granted on the 'issues' on the grounds, among others, errors in law occurring at the trial, that the verdict or decision is against the law and irregularity in the proceedings. (Code Civ. Proc., § 657.)' " (*Carney v. Simmonds, supra,* 49 Cal.2d at p. 88.)

The court then cited numerous cases that had held that a motion for new trial could not be made where only an issue of law had been tried. (*Carney v. Simmonds, supra,* 49 Cal.2d at pp. 88-89.) Disapproving those cases, the court said, "[t]he basic reason underlying the [disapproved] decisions . . . appears to be that a motion for a new trial should not be entertained where the only issue tried is one of law as distinguished from one of fact or one of law and fact. This reason might seem justified on the basis of sections 656 and 590 of the Code of Civil Procedure, quoted *supra,* but those sections must be read and construed in conjunction with the basic section on motions for a new trial, section 657 of the Code of Civil Procedure. It provides that 'any' decision may be vacated or modified on motion for a new trial, indicating that the decision need not necessarily be based on a question of fact. The new trial may be on 'all' or 'part of the issues' further pointing to no distinction between fact and law (the issues). The grounds for the new trial motion may be either issues of fact such as insufficiency of the evidence or issues of law such as 'irregularity in the proceedings of the court, jury or adverse party,' 'misconduct of the jury,' that the decision is 'against the law,' 'error in law occurring at the trial,' and others. These grounds clearly indicate that issues of law may be reexamined on a motion for a new trial. Moreover it should be observed that there may be a 'trial' and hence a situation proper for a new trial motion where only issues of law are determined. (See *Berri v. Superior Court,* 43 Cal.2d 856 [279 P.2d 8].) As a matter of orderly procedure there is no less reason why the trial court should have a second chance to reexamine its judgment where issues of fact are involved than where issues of law or law and fact are decided." (*Id.* at p. 90.)

The record demonstrates that, by his supplemental petition, Pollak was seeking a redetermination of issues of fact decided by the first judgment. Thus, when the trial court ruled in the first judgment that substantial evidence supported various of the charges against Pollak, it was determining issues of fact.

In paragraph 11 of his supplemental petition, Pollak alleged, as pertinent, that SPB's decision was invalid because:

"A.) The determination that petitioner was guilty of inefficiency is not supported by . . . substantial evidence . . . .

"B.) The determination that petitioner was guilty of inexcusable neglect of duty is not supported by . . . substantial evidence . . . .

"C.) The determination that petitioner was guilty of failure of good behavior to the extent that it caused discredit to the agency is not supported by . . . substantial evidence . . . ."

These averments put at issue the factual findings that the trial court had made in connection with rendition of the first judgment. Pollak has never contended otherwise. Indeed, he argued at the trial on the supplemental petition that he was expressly asking the trial court to revisit its earlier rulings. These averments in the supplemental petition were controverted by BOE's answer to the supplemental petition, which denied "each and every allegation of paragraph 11."

Pollak's supplemental petition therefore sought a new trial with respect to issues of fact adjudicated by the trial court in its first judgment. (§§ 590, 656.)

However, Pollak never made a motion for new trial.

As pertinent here, the procedures for making a motion for new trial are spelled out in sections 657 and 659.

Section 657 sets out the grounds upon which a motion for new trial may be made and granted.[5]

Section 659 provides in pertinent part, "[t]he party intending to move for a new trial must file with the clerk and serve upon each adverse party a

---

[5]Section 657 provides in pertinent part:

"The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

"1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial.

"2. Misconduct of the jury; and whenever any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to the determination of chance, such misconduct may be proved by the affidavit of any one of the jurors.

"3. Accident or surprise, which ordinary prudence could not have guarded against.

"4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.

"5. Excessive or inadequate damages.

"6. Insufficiency of the evidence to justify the verdict or other decision, or the verdict or other decision is against law.

"7. Error in law, occurring at the trial and excepted to by the party making the application."

notice of his intention to move for a new trial, designating the grounds upon which the motion will be made and whether the same will be made upon affidavits or the minutes of the court or both. . . ."

Pollak never filed such a notice of intention to move for a new trial (notice of intention). His supplemental petition cannot serve as a "notice of intention" or otherwise as a motion for new trial, because it was not so entitled, did not designate the grounds upon which the motion was being made, and did not specify whether it would be made on the basis of affidavits and/or court minutes.

Pollak's failure to file a motion for new trial dooms his attempt to relitigate factual issues adjudicated by the trial court in its first judgment. "The procedural steps prescribed by statute for making and determining a motion for new trial are mandatory and must be strictly followed. A departure therefrom is usually held a judisdictional defect, depriving the court of power to act. [Citations.]" (8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 20, p. 524.)

In response to our request for supplemental briefing on the question whether Pollak was asking for a new trial when he requested the trial court to readjudicate issues, Pollak has cited *Lennane v. Franchise Tax Bd., supra,* 51 Cal.App.4th 1180, *Talmo v. Civil Service Com.* (1991) 231 Cal.App.3d 210 [282 Cal.Rptr. 240], and *Giannini Controls Corp. v. Superior Court* (1966) 240 Cal.App.2d 142 [49 Cal.Rptr. 643]. None of these cases discuss any issue related to a grant of a new trial or the need for a motion to obtain the same. They have nothing to do with the question at hand.

It is immaterial that we affirm the trial court for a reason different from the one it relied on. ██ "There is perhaps no rule of review more firmly established than the principle that a ruling or decision correct in law will not be disturbed on appeal merely because it was given for the wrong reason. If correct upon any theory of law applicable to the case, the judgment will be sustained regardless of the considerations that moved the lower court to its conclusion. [Citations.]" (*Belair v. Riverside County Flood Control Dist.* (1988) 47 Cal.3d 550, 568 [253 Cal.Rptr. 693, 764 P.2d 1070].)

Finally, we add that we see no equity in Pollak's position. He was given full and fair opportunity to litigate the merits of his disciplinary charges the first time around. On remand, SPB took no new evidence. We see no reason why a busy trial court should be required to readjudicate the same issues, on the same record, as it did the first time.

The trial court did not err in declining to readjudicate the issues it had adjudicated in its first judgment.[6]

III., IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment denying supplemental petition for writ of mandate (entered June 6, 2000) and the judgment (order) denying petitioner's motion for attorney's fees (dated July 18, 2000) are affirmed. Respondent SPB and real party in interest BOE shall recover their costs on appeal.

Nicholson, J., and Kolkey, J., concurred.

---

[6]The instant case is one in which no appeal was taken following the first judgment. We express no view as to the possible application of the statutory procedures governing motions for new trial where a case has been appealed and the appellate court remands to the trial court to conduct further proceedings.

*See footnote, *ante*, page 1394.