[No. G030091. Fourth Dist., Div. Three. Apr. 5, 2005.]

SOLE ENERGY COMPANY, Plaintiff and Respondent, v.
PETROMINERALS CORPORATION et al., Defendants and Appellants.

 

---

**COUNSEL**

Payne & Fears, Daniel L. Rasmussen; Mazda Butler and Mark N. Mazda for Defendants and Appellants Petrominerals Corporation and Daniel H. Silverman.

Blumberg Law Corporation and Ave Buchwald for Defendants and Appellants Morris V. Hodges, Hillcrest Beverly Oil Corporation, Kaymor Petroleum Products and Nevadacor Energy, Inc.

Brady, Vorwerck & Ryder, James Brady and Ravi Sudan for Defendants and Appellants Morris V. Hodges, Hillcrest Beverly Oil Corporation and Kaymor Petroleum Products.

Law Offices of Norman Rasmussen and Norman Rasmussen for Defendant and Appellant Nevadacor Energy, Inc.

Hornberger & Brewer, Nicholas W. Hornberger and James F. Lindsay for Plaintiff and Respondent.

---

**OPINION**

**FYBEL, J.—**

### INTRODUCTION

Defendants Petrominerals Corporation (Petrominerals), Morris V. Hodges, Daniel H. Silverman, Kaymor Petroleum Products (Kaymor), Nevadacor Energy, Inc. (Nevadacor), and Hillcrest Beverly Oil Corporation (HBOC) (collectively defendants) moved for summary judgment on the ground plaintiff Sole Energy Company, a Texas corporation (Sole Energy Corporation), lacked standing to sue. The trial court granted the motion, and judgment was entered.

On the day the order granting summary judgment and the judgment were entered, Sole Energy Corporation filed a motion for reconsideration. At Sole Energy Corporation's request, the trial court deemed the motion for reconsideration to be a motion for a new trial, and granted it. On appeal, defendants challenge the order granting Sole Energy Corporation's motion for a new trial.

We hold: (1) the trial court had the discretion to treat the motion for reconsideration as a motion for a new trial, and (2) the trial court did not abuse its discretion in granting the motion for a new trial. The court's order granting Sole Energy Corporation leave to amend the complaint to add new plaintiffs is not an appealable order. Therefore, we do not address defendants' challenge to it or whether Sole Energy Corporation has standing to assert the claims presented in its complaint.

### STATEMENT OF FACTS

On May 25, 2000, Sole Energy Corporation filed a verified complaint for intentional interference with contractual relations, intentional interference with prospective economic advantage, fraud, and breach of contract. The basis for the complaint was a letter of intent dated December 16, 1999, from Sole Energy Company, LLC, to Nevadacor. (Sole Energy Company, LLC, was a precursor to Sole Energy Corporation, and was never formed as a limited liability company.)

In the letter of intent, Sole Energy Corporation submitted a proposal for the purchase of the outstanding capital stock of HBOC from Nevadacor, and the assets associated with HBOC's oil and gas properties. The letter included the following language regarding expiration and termination: "This letter of intent shall expire on December 17, 1999, 5:00 CST. Any party may terminate this letter of intent after January 31, 2000, upon written notice to the other parties, or at any time by all parties with their mutual written consent."

The letter of intent was countersigned by Nevadacor, Kaymor, and HBOC. Hodges signed on behalf of Kaymor and HBOC. Sole Energy Corporation alleged that Hodges, who was also an officer, director and shareholder of Petrominerals, advised Petrominerals of the letter of intent.

On February 25, 2000, Nevadacor and Kaymor informed Sole Energy Corporation in writing that "they wish[ed] to terminate the negotiations and the Letter of Intent dated December 16, 1999." Sole Energy Corporation alleged Petrominerals wanted to buy HBOC's stock and the other assets that were the subject of the letter of intent, and therefore induced Kaymor, Nevadacor, and HBOC to abandon the letter of intent.

Defendants answered the verified complaint. In response to HBOC's form interrogatories, Sole Energy Corporation admitted it was incorporated in Texas on December 30, 1999—after the letter of intent was signed.

On August 9, 2001, Hodges, HBOC, Kaymor, and Nevadacor moved for summary judgment or, alternatively, summary adjudication. They argued, in

part, that Sole Energy Corporation lacked standing to prosecute any of the causes of action asserted in the verified complaint because it did not legally exist as of December 16, 1999 (the date Sole Energy Company, LLC, signed the letter of intent) and therefore could not have been a party to the agreement. Petrominerals and Silverman filed a notice of joinder in the other defendants' motion.

Sole Energy Corporation opposed the motion filed by Hodges, HBOC, Kaymor, and Nevadacor, arguing it had standing to sue because it ratified the letter of intent and accepted its benefits and burdens.

On September 6, 2001, the trial court orally granted the motions for summary judgment, ruling that Sole Energy Corporation lacked standing to pursue the case. On September 19, the trial court entered a written order granting the motions. Judgment was entered on the same day.

Also on September 19, 2001, Sole Energy Corporation filed a motion for reconsideration of the order granting summary judgment. On September 20, Sole Energy Corporation filed a motion for leave to file an amended complaint, requesting to "substitute as Plaintiffs [the] additional individuals and entities who are real parties in interest." Defendants opposed the motions for reconsideration and for leave to amend, arguing: (1) entry of judgment divested the court of jurisdiction to rule on the motions; (2) amendment would have been proper only if defendants had moved for judgment on the pleadings, but not where defendants had moved for summary judgment; and (3) a copy of the proposed amended complaint was not served with the motion. In its reply brief on the motion for reconsideration, Sole Energy Corporation asked the trial court to construe the motion as a motion for a new trial to avoid loss of jurisdiction.

On October 30, 2001, Hodges, HBOC, and Kaymor filed a rebuttal brief. They argued there was no "extreme[ly] good cause" to treat Sole Energy Corporation's motion for reconsideration as a motion for a new trial because the trial court made no misrepresentations as to the appropriate procedure to use to challenge the order granting summary judgment. Hodges, HBOC, and Kaymor did not argue the motion for reconsideration failed to meet the procedural requirements for a motion for a new trial. Petrominerals and Silverman did not file written opposition to treating the motion for reconsideration as a motion for a new trial. (In their later opposition to the motion for leave to file an amended complaint, Petrominerals and Silverman argued strict compliance with the motion for a new trial statute was required, but limited their discussion of that topic to the timing of the filing of such a motion.)

On November 1, 2001, the trial court deemed the motion for reconsideration to be a motion for a new trial, and granted it. In a written order, the court issued the following statement of reasons: "The Court made an error and misapplied the law when it granted Defendants' Motions for Summary Judgment upon the grounds that the Plaintiff lacked Standing. This challenge by Defendants was in substance an attack on the pleadings. The Motions should have been treated as Motions for Judgment on the Pleadings, and Plaintiff granted leave to amend the Complaint. [Citations.] [¶] The facts of the amended pleading would not be wholly different after amendment, and if the Complaint was filed by a party without standing, it may be amended to substitute in the real party in interest, and such amendment will 'relate back' to the date of the filing of the original Complaint. [Citation.] In this case, the Plaintiff's pleadings demonstrated that at least some Plaintiff has standing, and Plaintiff assured the Court at the Motion hearing that it could amend the Complaint to substitute a Plaintiff with standing. Plaintiff is entitled to an opportunity to do so."

Defendants opposed the motion for leave to file an amended complaint, contending: (1) the court lacked jurisdiction to vacate the judgment; (2) the amended complaint was a sham; and (3) the new plaintiffs to be added to the complaint lacked standing. On December 6, 2001, the court granted Sole Energy Corporation's motion for leave to amend, and the first amended complaint was deemed filed and served that day.

## Discussion

### I. The Trial Court Had Discretion to Treat the Motion for Reconsideration as a Motion for a New Trial.

After a trial court issues an order, whether interim or final, the losing party may ask the court to reconsider its decision and enter a different order. (Code Civ. Proc., § 1008, subd. (a).) A trial court may not rule on a motion for reconsideration after entry of judgment. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 859 [107 Cal.Rptr.2d 841, 24 P.3d 493].)

Here, the judgment was entered the same day Sole Energy Corporation's motion for reconsideration was filed on September 19, 2001. The trial court, however, deemed the motion for reconsideration to be a motion for a new trial. Defendants raise several arguments that the court lacked the discretion to do so. We reject each, as explained below.

Defendants argue a motion for reconsideration may only be construed as a motion for a new trial if there is extremely good cause. In support of that argument, defendants cite *20th Century Ins. Co. v. Superior Court* (2001) 90

Cal.App.4th 1247, 1261 [109 Cal.Rptr.2d 611]; *Pollak v. State Personnel Bd.* (2001) 88 Cal.App.4th 1394, 1408 [107 Cal.Rptr.2d 39]; *APRI Ins. Co. v. Superior Court* (1999) 76 Cal.App.4th 176, 184 [90 Cal.Rptr.2d 171]; and *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1610 [275 Cal.Rptr. 887]. Those cases consider whether an *appellate* court may construe a trial court motion as a different type of motion. They do not address the issue here: Whether the trial court may construe a motion for reconsideration as a motion for a new trial.

Indeed, a trial court is "free to consider the motion regardless of its label." (*Passavanti v. Williams, supra,* 225 Cal.App.3d at p. 1609; see also *Eddy v. Sharp* (1988) 199 Cal.App.3d 858, 863, & fn. 3 [245 Cal.Rptr. 211], citing *Graham v. Hansen* (1982) 128 Cal.App.3d 965, 970 [180 Cal.Rptr. 604].) At oral argument, defendants asserted this statement of law was essentially created by the court in *Eddy v. Sharp, supra,* 199 Cal.App.3d 858, and was otherwise unsupported. We disagree.

█ The proposition that a trial court may construe a motion bearing one label as a different type of motion is one that has existed for many decades. "The nature of a motion is determined by the nature of the relief sought, not by the label attached to it. The law is not a mere game of words." (*City & County of S. F. v. Muller* (1960) 177 Cal.App.2d 600, 603 [2 Cal.Rptr. 383].) Neither the Legislature, nor the California Supreme Court, nor any Court of Appeal has ever challenged that notion. To the contrary, several courts have tacitly approved the treatment of a motion for reconsideration as a motion for a new trial, and vice versa. (*Malo v. Willis* (1981) 126 Cal.App.3d 543, 546, fn. 2 [178 Cal.Rptr. 774]; *Board of Medical Examiners v. Terminal-Hudson Electronics, Inc.* (1977) 73 Cal.App.3d 376, 384 [140 Cal.Rptr. 757]; *Aronstein v. Aronstein* (1959) 170 Cal.App.2d 494, 496 [339 P.2d 191].) The principle that a trial court may consider a motion regardless of the label placed on it by a party is consistent with the court's inherent authority to manage and control its docket. (Code Civ. Proc., §§ 128, subd. (a), 187.)

█ We review the trial court's action for an abuse of discretion. We find no abuse of discretion in the court's decision to treat Sole Energy Corporation's motion for reconsideration as a motion for a new trial.

Defendants next argue the trial court lacked jurisdiction to construe the motion for reconsideration as a motion for a new trial. They argue the court lost the power to decide this issue after entry of the judgment. This characterization is just another way of saying the trial court could not construe the motion for reconsideration as a motion for a new trial. We again reject this argument: The trial court had the discretion to decide whether the

motion before it was a motion for a new trial within its jurisdiction and, if so, to grant or deny it. The trial court did not abuse its discretion in exercising its responsibilities.

Relying on *Ten Eyck v. Industrial Forklifts Co.* (1989) 216 Cal.App.3d 540, 545 [265 Cal.Rptr. 29], defendants also argue counsel has a duty to advise the trial court when a motion for reconsideration can no longer be acted upon and to seek appropriate relief. Sole Energy Corporation's counsel, however, did recognize reconsideration was no longer an option and therefore asked the court to treat the motion for reconsideration as a motion for a new trial. The trial court changed the nature of the motion in response to Sole Energy Corporation's request.

Citing *Nave v. Taggart* (1995) 34 Cal.App.4th 1173 [40 Cal.Rptr.2d 714], defendants argue the trial court implicitly denied Sole Energy Corporation's motion for reconsideration by entering the judgment. In *Nave v. Taggart*, the plaintiff filed a motion for reconsideration three days before the trial court entered judgment. (*Id.* at pp. 1174–1175.) The appellate court construed the subsequent entry of judgment as an "implied denial" of the pending motion for reconsideration. (*Id.* at pp. 1176–1177.)

■ Here, in contrast, Sole Energy Corporation filed the motion for reconsideration on the same day the judgment was entered. There is nothing in the record showing the trial court was aware Sole Energy Corporation had filed the motion for reconsideration at the time the judgment was signed. Thus, the trial court cannot be deemed to have implicitly denied the motion by entering judgment. Unlike the plaintiff in *Nave v. Taggart*, who did nothing after the court entered judgment without ruling on the motion for reconsideration (*Nave v. Taggart, supra*, 34 Cal.App.4th at p. 1178), Sole Energy Corporation asked the court to treat the motion for reconsideration as a motion for a new trial over which the trial court still had jurisdiction. California law does not prevent a party from asking a court to relabel a motion.

## II. THE TRIAL COURT DID NOT ERR IN GRANTING THE MOTION FOR A NEW TRIAL.

■ We review the trial court's order granting a new trial for abuse of discretion. (*Fountain Valley Chateau Blanc Homeowner's Assn. v. Department of Veterans Affairs* (1998) 67 Cal.App.4th 743, 751 [79 Cal.Rptr.2d 248].) An order granting a new trial " 'must be sustained on appeal unless the opposing party demonstrates that no reasonable finder of fact could have found' " for the moving party on the theory relied upon by the trial court. (*Lane v. Hughes Aircraft Co.* (2000) 22 Cal.4th 405, 412 [93 Cal.Rptr.2d 60, 993 P.2d 388].)

Defendants did not argue, either in the trial court or on appeal, the motion for reconsideration did not meet the procedural requirements of Code of Civil Procedure section 659 for bringing a new trial motion. We have reviewed the motion for reconsideration and conclude it adequately set forth the grounds on which the motion was to be made, and its bases, and therefore met the procedural requirements of a motion for a new trial.

*A. The Motion for a New Trial Was Timely.*

█ Defendants first argue the motion for a new trial should have been denied because it was filed too early. Although Code of Civil Procedure section 659 permits a motion for a new trial to be made "[b]efore the entry of judgment" (Code Civ. Proc., § 659, subd. 1), the statute has been interpreted to apply only when there has been a final decision, such as where a jury has rendered its verdict, but the judgment has not yet been entered. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 460 [20 Cal.Rptr. 321, 369 P.2d 937].)

█ In the context of a motion for summary judgment, we conclude rendition of judgment occurs when the written order granting summary judgment is entered. (*Gardenswartz v. Equitable etc. Soc.* (1937) 23 Cal.App.2d Supp. 745, 754 [68 P.2d 322].) Thus, Sole Energy Corporation's motion for a new trial would have been premature if it were filed before the written order granting summary judgment was entered. But Sole Energy Corporation's motion was filed on the same day as the order granting summary judgment and the judgment were entered.

Defendants argue the motion must be deemed to have been filed before the order and the judgment. In making this argument, they rely on two computer printouts obtained by Petrominerals and Silverman's counsel from the superior court and submitted in opposition to the motion for leave to amend. Defendants contend the printouts prove the motion for reconsideration was premature because they show the motion was filed at 8:42 a.m. and the judgment was filed at 8:51 a.m.

This argument has three significant flaws. First, the printouts were not properly authenticated (Evid. Code, § 1400 et seq.): The only "evidence" of what they contain and represent is the hearsay statement of an unidentified courthouse employee (Evid. Code, § 1200). Second, the printouts themselves do not explain what they reflect. Do the printouts reflect the time the document was received or the time the document was logged into the court's computer system? The printouts do not provide an answer. Third, based on the times reflected in the printouts, the order granting summary judgment was entered at 8:53 a.m.—*after* judgment was entered. A maxim of jurisprudence

states, "[t]hat which ought to have been done is to be regarded as done . . . ." (Civ. Code, § 3529.) Accordingly, we regard the order granting summary judgment to have been entered before judgment was entered, and the judgment to have been entered before Sole Energy Corporation's motion was filed. We therefore conclude the motion for a new trial was not premature.

### B. Sole Energy Corporation Had Standing to Bring the Motion for a New Trial.

■ Defendants next argue that because Sole Energy Corporation did not have standing to pursue the action, it did not have standing to file the motion for a new trial. If a plaintiff lacks standing, the complaint may be amended to add as a new plaintiff the person or entity that has standing. "[I]f the facts of the cause of action against the defendant would not be 'wholly different' after amendment, a complaint filed by a party without standing may be amended to substitute in the real party in interest." (*Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1005 [79 Cal.Rptr.2d 544].) If Sole Energy Corporation was permitted to file a motion for leave to amend, we conclude it was also permitted to file the motion for a new trial, which was necessary before the motion for leave to amend could be considered by the trial court.

Citing *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736–737 [97 Cal.Rptr. 385, 488 P.2d 953], defendants argue the proposed new plaintiffs should have become parties of record in the trial court in order to challenge the judgment that "legally 'aggrieved' " them. It is at least debatable whether the proposed new plaintiffs would have had the ability to become parties of record. Technically, they were not aggrieved by the judgment, which only barred the claims of Sole Energy Corporation on the ground of lack of standing.

### C. The Trial Court Had Discretion to Grant the Motion for a New Trial.

Defendants argue the trial court could grant the motion for a new trial only if the court committed legal error in granting the motion for summary judgment. (*Ramirez v. USAA Casualty Ins. Co.* (1991) 234 Cal.App.3d 391, 397 [285 Cal.Rptr. 757].) Defendants argue the trial court did not commit legal error by granting the motion for summary judgment without treating it as a motion for judgment on the pleadings and therefore lacked discretion to grant the motion for a new trial.

The written order granting summary judgment, which defendants prepared, does not reflect that the trial court decided not to treat the motion for summary judgment as a motion for judgment on the pleadings. The written

order only addresses the issue of Sole Energy Corporation's standing. The trial court later determined the manner in which it arrived at its decision on that issue was an error of law. The trial court could grant the motion for a new trial to correct that error. Whether the trial court was correct with respect to Sole Energy Corporation's standing is not an issue before us on this appeal.

### D. Standing of the Newly Added Plaintiffs.

Finally, defendants argue the motion for a new trial should have been denied because the newly added plaintiffs lack standing to pursue the claims asserted. This argument is an attempt to challenge the order granting leave to amend, which, as addressed in the next section of this opinion, is not an appealable order.

### III. THE ORDER GRANTING LEAVE TO AMEND IS NOT AN APPEALABLE ORDER.

▮ Defendants argue the trial court erred by granting Sole Energy Corporation's motion for leave to amend the complaint. An order granting or denying a motion for leave to amend is not directly appealable and can be challenged only by appeal from the final judgment. (*Bank of America v. Superior Court* (1942) 20 Cal.2d 697, 703 [128 P.2d 357]; *Freeman v. City of Beverly Hills* (1994) 27 Cal.App.4th 892, 896 [32 Cal.Rptr.2d 731].) There is no judgment as to Sole Energy Corporation. We therefore decline to address whether the trial court erred in granting Sole Energy Corporation leave to amend.

### IV. SOLE ENERGY CORPORATION'S MOTION TO DISMISS.

Sole Energy Corporation filed a motion to dismiss the appeal of Hodges, HBOC, Kaymor, and Nevadacor on two related grounds: (1) they lack standing to appeal because their defaults were entered in the underlying case after entry of the orders that are the subject of this appeal; and (2) they engaged in willful discovery abuses.

The trial court entered the default of, and default judgment against, defendants Hodges, HBOC, Kaymor, and Nevadacor as a result of alleged discovery abuses. In a companion appeal, *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199 [26 Cal.Rptr.2d 823] (*Sole Energy II*), we reverse the default judgment against these defendants, and conclude the trial court erred by imposing discovery sanctions without proper notice and an opportunity to be heard. We therefore deny Sole Energy Corporation's motion to dismiss the appeal of these defendants. We deny as moot the request filed by defendants Hodges, HBOC, Kaymor, and Nevadacor to take judicial notice of certain documents relevant to *Sole Energy II*.

## DISPOSITION

The order granting the motion for a new trial is affirmed. Respondent to recover its costs on appeal.

Sills, P. J., and Aronson, J., concurred.

Appellants' petition for review by the Supreme Court was denied June 22, 2005.