[L. A. No. 18812. In Bank. Feb. 9, 1945.]

WILLIAM E. PHILLIPS et al., Appellants, v. ALVIN A. TRUSHEIM, Respondent.

Vincent Whelan for Appellants.

Lindley & Higgins for Respondent.

EDMONDS, J.—More than three years after the service of summons upon Alvin C. Trusheim, judgment was entered against him. Later he successfully moved to vacate the judgment upon the ground that there was no jurisdiction to render it, and the question for decision concerns the right of the court to make the order in his favor.

William E. Phillips and his wife, the appellants, sued to quiet title to 80 acres of land. They named as defendants Wofford T. Caldwell and Vera C. Caldwell, the owners of the property adjoining on the west, and Trusheim, the neighbor on the east. The purpose of the litigation is to determine boundary lines.

The complaint was filed in 1938 and the Caldwells promptly answered. The default of Trusheim was entered on January 6, 1939, and after a second service upon him, his default was again entered on March 30, 1939. Later Trusheim was adjudged an incompetent and the superior court appointed a guardian of his person and estate. In June, 1940, more than six months after the entry of the default, the guardian gave notice of a motion to vacate it upon grounds specified in section 473 of the Code of Civil Procedure. The notice was accompanied by a proposed answer but the motion was never made and no permission to file the pleading was ever obtained.

Judgment in favor of the appellants was entered in September, 1942, more than "three years after service of summons" (Code Civ. Proc., § 581a). The judgment is based upon a written stipulation between the appellants and the Caldwells, and upon the default of Trusheim. Within 60 days from the entry of judgment, Trusheim filed a notice of motion to vacate it and to dismiss the action as to him, but he did not appeal. No grounds for the motion were stated in the notice, but by amendment, counsel declared that the court would be asked to vacate the judgment because of Trusheim's "mistake, inadvertence, surprise and excusable neglect." Thereafter, by a second amendment to the notice, as an additional ground, it was stated that, because judgment was not entered within three years after the service of summons, it was void as to him. When the matter was heard, counsel for Trusheim stated in open court that he did not rely upon section 473 of the Code of Civil Procedure but based his motion upon the ground that the court was without jurisdiction to enter the judgment. The motion was granted and the court ordered the judgment vacated and the action dismissed as to Trusheim solely for the reason that the judgment was not entered within three years after the service of the summons and complaint upon him.

In attacking the order vacating the judgment in their favor, the appellants contend that a trial court has jurisdiction to enter judgment against a defaulting defendant more than three years after he was served with summons. Moreover, they assert, a court has no power, independent of statute, to correct judicial error by setting aside or amending its judgment. They say, in this connection, that the rendition of judgment against a nonanswering defendant more than three years after the service of summons is judicial error rather than mere inadvertence. And, in conclusion, the point is made that Trusheim did not attack the judgment in a manner authorized by statute, as by a motion under section 473.

In behalf of the respondent it is contended that the question is whether the action of the trial court can be upheld upon any theory of law and, although it is conceded that the appellants are "probably" correct in their contention that he was not entitled to relief under section 473 of the Code of Civil Procedure, Trusheim's counsel suggest that the trial court, "to prevent the miscarriage of justice," had the inherent power to grant the present motion. In any event, it

is claimed, the judgment was entered against Trusheim through inadvertence and, accordingly, the trial court had the power to correct the mistake independent of statute.

It is well settled that a trial court has jurisdiction to render a default judgment more than "three years after service of summons" (Code Civ. Proc., § 581a) although such a judgment is erroneous and subject to direct attack upon an appeal from it. (*Lynch* v. *Bencini,* 17 Cal.2d 521 [110 P.2d 662]; *Pavlovich* v. *Watts,* 46 Cal.App.2d 103 [115 P.2d 511]; *Merner Lumber Co.* v. *Silvey,* 29 Cal.App.2d 426 [84 P.2d 1062].) But if the judgment was entered against Trusheim through the inadvertence or improvidence of the trial court, it had the power independent of statute, to correct the mistake by amending or setting aside the judgment (*Estate of Burnett,* 11 Cal.2d 259 [79 P.2d 89]; *Treat* v. *Superior Court,* 7 Cal.2d 636 [62 P.2d 147]; *Holtum* v. *Grief,* 144 Cal. 521 [78 P. 11]), as this presents no question of judicial review upon the merits. However, judicial error which occurs in the rendition of orders or judgments which are the fault of an exercise of judicial discretion may not be corrected except by statutory procedure. (*Stevens* v. *Superior Court,* 7 Cal.2d 110 [59 P.2d 988].) As to what constitutes inadvertence, this court has said: "We are of the opinion that the instant case presents an attempt to correct judicial error, even though the trial court recites that the first order was made by inadvertence. It appears that the inadvertence consisted of misinterpreting and misconstruing a waiver. . . . This is not a case where the order as entered by the clerk is not the order made by the court [citations]; where the court failed to express its intention by the order actually made [citations]; where there was an irregularity which made the order or judgment premature [citations]; nor where the court was ignorant of some fact material to the action taken by it [citations]. The situation here more closely resembles the cases of *Egan* v. *Egan, supra,* [90 Cal. 15 (27 P. 22)]; *Coombs* v. *Hibbard,* 43 Cal. 452, and *Owen* v. *Crocker-Huffman L. & W. Co.,* 38 Cal. App. 649 [177 P. 299], in all of which it was held that, all of the matters before the court at the time of the making of the second order having been considered by it at the time of the making the first order, it cannot, simply because upon a reexamination of the same matters it has reached a different conclusion, give effect to the second determination of the same issue by modifying or annulling the original order or judg-

ment." (*Stevens* v. *Superior Court, supra;* see, also, *Vale* v. *Maryland Casualty Co.,* 101 Cal.App. 599 [281 P. 1058].)

██  In the present case, Judge Thompson, before whom the appellants' action was pending, determined, it must be assumed, that he had the power to enter judgment against Trusheim and his decision was correct. Trusheim's motion was heard by Judge Turrentine of the same court, who ruled that there was no jurisdiction to enter the judgment and made the order now under review. His action was clearly an attempt to correct a determination which, in his opinion, was rendered by reason of judicial error. There is no showing whatever of judicial inadvertence but the ruling on the motion was made upon the ground that the judgment had been given in disregard of section 581a of the Code of Civil Procedure. Moreover, as in the Stevens case, *supra,* it is neither asserted nor does it appear that, in ruling upon Trusheim's motion, Judge Turrentine had before him any matters not considered by Judge Thompson when he rendered judgment for the appellants.

██  The only appropriate statutory ground for attacking the erroneous judgment that finds any support in the record is a motion under section 473 of the Code of Civil Procedure. The notice of motion to vacate the judgment and to dismiss the action as to Trusheim stated that the application for relief would be made upon the ground that the judgment was void. This ground was emphasized upon the hearing of the motion when counsel for Trusheim stated in open court that he did not rely upon section 473 of the Code of Civil Procedure but asked for a ruling in his favor because the judgment was entered subsequent to three years after service of summons. Assuming, however, that counsel's abandonment of reliance upon section 473 does not preclude Trusheim from an affirmance of the order upon that ground, the record shows no basis for such a determination for a motion under that section, to set aside a judgment entered against a defaulting defendant, must be made within six months after entry of the default. (*Macbeth* v. *Macbeth,* 219 Cal. 47 [25 P.2d 11]; *Hunt, Mirk & Co., Inc.* v. *Hesperides Mining Co.,* 200 Cal. 382 [253 P. 317]; *Title Ins. & T. Co.* v. *King, etc. Co.,* 162 Cal. 44 [120 P. 1066].) The present motion was not made until more than 43 months after entry of the respondent's default.

Moreover, counsel for the respondent not only have taken an inconsistent position upon the present appeal, but rely

upon grounds inconsistent with those presented to the court which granted his motion. It is not now asked that Trusheim be accorded a trial upon the merits, but that the order dismissing the action as to him be affirmed. He consistently took the position below that, under section 581a of the Code of Civil Procedure, the action should be dismissed, and, accordingly, his motion to vacate the judgment did not include a request that his default be set aside and that he be allowed to answer. Trusheim's abandonment of reliance upon section 473 of the Code of Civil Procedure in the court below, as a ground for his motion, is undoubtedly explained by the fact that he does not desire a trial upon the merits, but wishes to have the action dismissed. On this appeal, in an abortive attempt to justify the present order upon statutory authority, he claims that the record shows him entitled to relief under section 473 and, at the same time, he insists that, according to the provisions of section 581a, the trial court properly dismissed the action by the order from which the present appeal was taken.

The order granting the motion to vacate the judgment against Alvin A. Trusheim and to dismiss the action against him is reversed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.