[No. B132357. Second Dist., Div. Four. Nov. 9, 1999.]

APRI INSURANCE COMPANY S.A., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DANIELE SCHATTEMAN, Real Party in Interest.

**COUNSEL**

Davis Wright Tremaine, Andrew R. Hall and Bradley Scott Miller for Petitioner.

No appearance for Respondent.

Kirtland & Packard, Daniel J. Quisenberry and Derek S. Whitman for Real Party in Interest.

**OPINION**

**EPSTEIN, J.**—The issue in this case is whether a trial court has jurisdiction to reconsider its ruling granting a motion to quash service of process, when the motion is brought before judgment is entered, but the ruling is made after the judgment. We conclude that it does not.

### FACTUAL AND PROCEDURAL SUMMARY

APRI Insurance Company S.A. (APRI), is a French corporation with its principal place of business in Paris, France. APRI contracted with Sedgwick

Consulting Group Cofast EBC (Sedgwick) to market and sell its product, Sante Service insurance policies. There is a controversy about the precise nature of the Sante Service policies, about the area in which they could be sold, and about the persons who were eligible for insurance under these policies. APRI takes the position that the policies were intended only to cover medical expenses incurred by French-speaking "expatriates" (its term) during temporary excursions or postings outside Europe, particularly in the United States or Canada. We need not resolve this controversy, since it is not relevant to the disposition of this proceeding.

APRI contracted with US Assist, a subsidiary of a French assistance company, AXA Assistance, formerly known as SFA Assistance, to handle and process claims asserted by policy holders during their travels abroad.

In August 1993, a Sante Service policy was issued to Christophe Schatteman, providing only hospitalization coverage for himself and two dependents. In 1994, Daniele Schatteman, his wife, sought treatment in California for breast cancer. To date, over $41,000 in benefits have been paid under the APRI policy. But APRI, in consultation with US Assist and Sedgwick, declined to provide coverage for chemotherapy and radiation treatments because they were not covered and were outside the scope of the hospitalization only policy.

In November 1997, Daniele Schatteman sued Sedgwick, APRI, and other defendants, including Genevieve Gombert. Ms. Gombert was allegedly marketing APRI health insurance policies in the United States. APRI takes the position that she did so without authorization.

This brings us to the procedural history of the case. We set out the sequence of events in detail because plaintiff mischaracterizes them in her brief. She says: "While SCHATTEMAN's Motion for Reconsideration was pending, APRI submitted a proposed order 'on Motion to Quash' which appeared to be a routine order on a motion. This order included an embedded and unannounced 'dismissal' of APRI." In fact, APRI's proposed order was filed nine days *before* plaintiff filed her motion for reconsideration.[1]

---

[1] We have taken judicial notice of the court's minute order dated April 27, 1999, which was not included in petitioner's appendix. (Evid. Code, § 452, subd. (d).) It establishes that the order granting the motion to quash was lodged with the court on April 14, 1999: "The Court reads and considers the [proposed] Order Granting Specially Appearing Defendant Apri Insurance S.A.'s Motion to Quash Service of Summons for Lack of Personal Jurisdiction lodged on April 14, 1999 by counsel for said specially appearing defendant."

March 23, 1999  APRI files a motion to quash.

April 6, 1999  Plaintiff files opposition.[2]

April 13, 1999  Trial court grants the motion to quash.

April 14, 1999  APRI lodges a proposed order granting the motion to quash for signature by trial court.

April 23, 1999  Plaintiff files a motion for reconsideration.

April 27, 1999  Trial court signs and enters the order granting the motion to quash and dismissing APRI from the action.

April 29, 1999  APRI serves a notice of entry of the order granting the motion to quash.

April 30, 1999  APRI files the notice of entry of the order granting the motion to quash.

May 10, 1999  APRI files opposition to the motion to reconsider.

May 17, 1999  The court granted reconsideration, vacated and set aside its order quashing service of summons and dismissing all claims and cross-claims against APRI, and denied the motion to quash.

On June 3, 1999, APRI filed a petition for writ of mandate, arguing that the trial court was without jurisdiction to grant the motion for reconsideration after the order granting the motion to quash and dismissing APRI from the action had been filed. We issued an alternative writ of mandate, a temporary stay, and ordered further briefing.[3]

## DISCUSSION

■ The issue in this case is whether a trial court, which has entered judgment before the time for reconsideration of its order has run, retains jurisdiction to grant a motion for reconsideration. As we shall explain, we conclude that the trial court may not grant reconsideration after judgment has been entered.

---

[2]Oppositions were also filed by Sedgwick and Ms. Gombert. Neither is a party to this writ proceeding.

[3]Plaintiff filed a demurrer to the petition for writ of mandamus. We overrule the demurrer because it is without merit.

The trial court signed an order granting the motion to quash and dismissing APRI from the action before it granted the motion for reconsideration. Code of Civil Procedure section 581d[4] provides that a written order of dismissal is a judgment: "A written dismissal of an action shall be entered in the clerk's register and is effective for all purposes when so entered. [¶] All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes, and the clerk shall note those judgments in the register of actions in the case."

The trial court failed to observe the critical distinction between an order of dismissal, which is a judgment, and other orders. "A court may reconsider its order granting or denying a motion and may even reconsider or alter its judgment so long as judgment has not yet been entered. Once judgment has been entered, however, the court may not reconsider it and loses its unrestricted power to change the judgment. It may correct judicial error only through certain limited procedures such as motions for new trial and motions to vacate the judgment. [Citations.]" (*Passavanti* v. *Williams* (1990) 225 Cal.App.3d 1602, 1606 [275 Cal.Rptr. 887], italics omitted.)

We resolve a technical point raised by plaintiff before turning to the more substantive arguments. Plaintiff contends that no judgment was entered in the register of actions and hence there was no judgment within the meaning of section 581d. APRI has submitted a supplemental appendix, which includes the "Civil Register Report" for this case. It reflects entry of the order of April 27, 1999. This satisfies the requirement of section 581d.

In *Ramon* v. *Aerospace Corp.* (1996) 50 Cal.App.4th 1233 [58 Cal.Rptr.2d 217], the court was asked to determine whether a motion for reconsideration filed after judgment was entered extended the time to appeal from the judgment. In concluding that it did not, the *Ramon* court followed *Passavanti* v. *Williams, supra,* 225 Cal.App.3d 1602, and determined that a postjudgment motion for reconsideration had no effect on the time for notice of appeal: "That is because, after entry of judgment, a trial court has no further power to rule on a motion for reconsideration." (*Ramon* v. *Aerospace Corp., supra,* 50 Cal.App.4th at p. 1236.) The court emphasized the significant impact of entry of judgment on the trial court's jurisdiction: "A final judgment terminates the litigation between the parties and leaves nothing in the nature of judicial action to be done other than questions of enforcement or compliance. 'Until entry of judgment, the court retains complete power to change its decision . . . ; it may change its conclusions of law or findings of fact. [Citation.] After judgment a trial court cannot correct judicial error

---

[4]All statutory references are to the Code of Civil Procedure.

except in accordance with statutory proceedings. [Citations.] A motion for reconsideration is not such a motion.' " (*Id.* at pp. 1237-1238, quoting *Nave v. Taggart* (1995) 34 Cal.App.4th 1173, 1177 [40 Cal.Rptr.2d 714].)

Plaintiff attempts to distinguish the many cases holding that a trial court is without jurisdiction to grant reconsideration after judgment is entered, by pointing out that her motion was filed before the trial court entered its judgment. While that is so, the argument misses the point. The issue is jurisdictional. Once the trial court has entered judgment, it is without power to grant reconsideration. The fact that a motion for reconsideration may have been pending when judgment was entered does not restore this power to the trial court.

Plaintiff's reliance on *Stratton v. First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071 [258 Cal.Rptr. 721] is misplaced. In that case, the court granted summary judgment in favor of two defendants against the plaintiff and another defendant, FN Life. It directed counsel for the prevailing defendants to prepare a judgment. Counsel for the defendants gave notice of ruling to plaintiff and FN Life. FN Life then filed a motion for reconsideration. Unlike our case, no judgment had been entered before the trial court ruled on the motion for reconsideration. (*Id.* at pp. 1081-1082.)

Here, APRI submitted its proposed order granting the motion to quash and dismissing it from the action before the motion for reconsideration was filed. The trial court should not have signed the order of dismissal while the motion for reconsideration was pending. Under section 1008, plaintiff had 10 days from service of notice of entry of the order to bring her motion for reconsideration. The court should have considered the merits of the motion for reconsideration, and then, if it was still appropriate, signed the order of dismissal. But, once the trial court entered judgment, it could not reconsider the ruling on the motion to quash.

Plaintiff also cites section 1005.5 to support her argument that the trial court was authorized to act on her motion for reconsideration. That section states in relevant part: "A motion upon all the grounds stated in the written notice thereof is deemed to have been made and to be pending before the court for all purposes, . . . , but this shall not deprive a part of a hearing of the motion to which he is otherwise entitled. . . ." (*Ibid.*) The answer to plaintiff's argument is in the language of the statute. As we have explained, she was not otherwise entitled to have a ruling on a motion for reconsideration once judgment was filed.

■  Alternatively, plaintiff argues the trial court could have treated her motion for reconsideration as a motion to vacate the judgment or for a new trial, each of which is a proper avenue for a direct attack on a judgment.

Section 663 provides two grounds for a motion to vacate a judgment: "1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; . . . [¶] 2. A judgment or decree not consistent with or not supported by the special verdict." Plaintiff relies on subdivision 4 of section 657, which allows a new trial based on "Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial." She argues that the trial court's order on her motion for reconsideration " 'vacates and sets aside its order of April 13, 1999 quashing service of summons and dismissing all claims and cross-claims against the specially appearing defendant and cross-defendant . . . .'" She says that "[t]he court's minute order does not indicate that the court relied particularly on Code of Civil Procedure section 1008. [¶] As a result, the court may very well have chosen to evaluate the motion for reconsideration under the standards of section 657, which would allow a judgment to be vacated by the court."

At the hearing on plaintiff's motion for reconsideration, counsel for APRI argued that the court did not have jurisdiction to rule on the motion for reconsideration. In response, counsel for plaintiff argued that the court could treat her motion as a motion to vacate judgment. Counsel for APRI replied that the grounds raised in plaintiff's motion did not come within the narrow grounds on which a judgment may be vacated. After extensive argument concerning whether the motion for reconsideration was based on newly discovered evidence, the trial court said: "Having reviewed the motion for reconsideration, ultimately I conclude there is now with the new evidence that was supplied sufficient evidence to show purposeful sale of insurance in California by your client. I will reconsider the matter in light of the argument and either stand on the tentative ruling or change it and deny the motion. I will certainly grant the motion for reconsideration. I can get over the jurisdictional question without difficulty, but let me reconsider the question of whether the motion, underlying motion should be granted."

It is clear from this statement that, contrary to the assertion made by plaintiff, the trial court granted the motion for reconsideration on its merits as such and did not treat it either as a motion to vacate or as a motion for new trial. We agree with the reasoning of the court in *Passavanti* v. *Williams, supra,* 225 Cal.App.3d at page 1608, that ". . . generally, appellate courts should not construe a motion expressly identified as being a particular motion to be an entirely different motion in the appellate court." The court held that its earlier decisions in *Rojes* v. *Riverside General Hospital* (1988) 203 Cal.App.3d 1151 [250 Cal.Rptr. 435] and *Dockter* v. *City of Santa Ana* (1968) 261 Cal.App.2d 69 [67 Cal.Rptr. 686] were incorrect ". . . to the extent they suggest that a *postjudgment* motion for reconsideration will extend the time to file a notice of appeal." (225 Cal.App.3d at p. 1605.)

In *Passavanti*, appellant argued that the motion for reconsideration should be construed as a motion for new trial or a motion to vacate judgment for purposes of determining when the time to file the notice of appeal began to run. The *Passavanti* court construed the motion as a motion for new trial "only because of our prior decisions in *Dockter* and *Rojes*." (*Passavanti* v. *Williams, supra,* 225 Cal.App.3d at pp. 1608, 1610-1611.) The court said the better rule is to refrain from such a construction: "Even if we assume the trial court is free to ignore the label of a motion, it does not necessarily follow that appellate courts should do so as well, particularly when there is no indication that the motion was 'construed' to be a different motion in the trial court. For an appellate court to construe a motion merely to 'save' the appeal from dismissal may result in further problems and cannot be justified. [¶] As the court in *Ten Eyck* v. *Industrial Forklifts* [(1989)] 216 Cal.App.3d 540 [265 Cal.Rptr. 29], noted, 'counsel [is] duty-bound to know the rules of civil procedure.' [Citation.] Ordinarily, on appeal, where a party has failed to invoke the proper procedure to preserve error for appellate review, has invited the error by his own conduct or is otherwise estopped to assert error, we will decline to rule on the merits of the issue. . . ." (225 Cal.App.3d at p. 1609, fn. omitted.)

The court in *Passavanti* acknowledged that there are some circumstances in which these principles may be ignored. But it also pointed out the problems of determining the proper standard of review if a motion for reconsideration is construed as a motion for new trial or to vacate a judgment. The court concluded: "[W]e see little reason for and numerous problems created by appellate courts ignoring the procedure expressly followed in the trial court and construing a motion for reconsideration to be a different motion so as to extend the time to file a notice of appeal. Absent a showing of extremely good cause, we are disinclined to engage in the practice of 'construing' motions and will hold counsel to the label they attach to their motions." (*Passavanti* v. *Williams, supra,* 225 Cal.App.3d at p. 1610.)

We agree with the reasoning of the *Passavanti* court. It applies here as well. In our case, the issue is the propriety of a postjudgment attack rather than the timeliness of an appeal. Plaintiff chose to challenge the court's ruling granting the motion to quash by a motion for reconsideration, and the trial court ruled on that motion. Although there was discussion about treating the motion as a motion to vacate, the trial court did not do so. We decline to construe the motion for reconsideration as something that it was not.

This reasoning applies with equal force to a similar argument raised by plaintiff. She cites a statement by the trial court at the hearing on the motion for reconsideration to the effect that the dismissal entered in favor of APRI was without prejudice. At the beginning of the hearing, counsel for APRI

took the position that the trial court did not have jurisdiction to rule on the motion for reconsideration. The trial court responded: "Well, then no motion for reconsideration would lie at all, it's your position, under such circumstances. My view is that dismissal, under the circumstances, is not without prejudice; that it is without prejudice." But there is nothing in the trial court's order granting the motion to quash to indicate that it intended the dismissal to be without prejudice when the order was signed.

Plaintiff also argues that the trial court had the independent power to correct a judgment which was entered " 'through the inadvertence or improvidence of the trial court . . . .' " Plaintiff cites *Phillips* v. *Trusheim* (1945) 25 Cal.2d 913 [156 P.2d 25] to support this proposition. But she fails to acknowledge the limits of this doctrine, as explained by the *Phillips* court: "However, judicial error which occurs in the rendition of orders or judgments which are the fault of an exercise of judicial discretion may not be corrected except by statutory procedure. (*Stevens* v. *Superior Court*, 7 Cal.2d 110 [59 P.2d 988].) As to what constitutes inadvertence, this court has said: 'We are of the opinion that the instant case presents an attempt to correct judicial error, even though the trial court recites that the first order was made by inadvertence. It appears that the inadvertence consisted of misinterpreting and misconstruing a waiver. . . . This is not a case where the order as entered by the clerk is not the order made by the court [citations]; where the court failed to express its intention by the order actually made [citations]; where there was an irregularity which made the order or judgment premature [citations]; nor where the court was ignorant of some fact material to the action taken by it [citations]. . . .' " (25 Cal.2d at p. 916, quoting *Stevens* v. *Superior Court* (1936) 7 Cal.2d 110, 113 [59 P.2d 988].)

The record demonstrates that the trial court signed an order dismissing APRI which reflected its order granting the motion to quash, an exercise of judicial discretion. The trial court did not attempt to vacate the judgment by an order nunc pro tunc. Such an effort would have been improper. " 'A court can always correct a clerical, as distinguished from a judicial error which appears on the face of a decree by a nunc pro tunc order. [Citations.] It cannot, however, change an order which has become final even though made in error, if in fact the order made was that intended to be made. . . . "The function of a nunc pro tunc order is merely to correct the record of the judgment and not to alter the judgment actually rendered—not to make an order now for then, but to enter now for then an order previously made. The question presented to the court on a hearing of a motion for a nunc pro tunc order is: What order was in fact made at the time by the trial judge?" ' [Citation.] . . . [N]unc pro tunc orders may not be made to 'make the judgment express anything not embraced in the court's decision, even

though the proposed amendment contains matters which ought to have been so pronounced. [Citations.]' (*Ibid.*) 'It is only when the form of the judgment fails to coincide with the substance thereof, as intended at the time of the rendition of the judgment, that it can be reached by a corrective nunc pro tunc order.' [Citations.]" (*Hamilton* v. *Laine* (1997) 57 Cal.App.4th 885, 890 [67 Cal.Rptr.2d 407].)

In light of our conclusion that the trial court was without authority to grant the motion for reconsideration, we need not address the arguments concerning whether the motion for reconsideration met the requirements of section 1008 and the merits of the motion to quash.

## DISPOSITION

The petition for writ of mandate is granted. The trial court is directed to vacate its order granting the motion for reconsideration and denying the motion to quash. Petitioner APRI is to have its costs on this writ proceeding.

Vogel (C. S.), P. J., and Hastings, J., concurred.

On November 18, 1999, the opinion was modified to read as printed above.