Filed 8/11/22  Villasenor v. P.T.C.H. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| RICHARD VILLASENOR, | |
| Plaintiff and Appellant, | E076598 |
| v. | (Super.Ct.No. RIC1715739) |
| P.T.C.H., Inc., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Carol A. Greene, Judge.

Affirmed.

McElfish Law Firm, Raymond D. McElfish and Tara Heckard-Bryant for Plaintiff

and Appellant.

La Follette, Johnson, DeHaas, Fesler & Ames, Scott A. Blakeley, Jason Scupine

and David J. Ozeran for Defendant and Respondent.

1

Plaintiff Richard Villasenor appeals from the summary judgment entered in favor of defendant P.T.C.H., Inc. doing business as Palm Terrace Care Center (Palm Terrace). Villasenor also appeals from the trial court's denial of his postjudgment motions for reconsideration and a new trial and to vacate the judgment. We affirm.

BACKGROUND

Palm Terrace is a long-term care facility. Villasenor's father died in March 2017, allegedly as the result of Palm Terrace's negligent care. In 2017, Villasenor filed a lawsuit against Palm Terrace based on the alleged wrongful death of his father. Villasenor's father had been discharged from the facility in August 2016. Villasenor alleged that Palm Terrace failed to prevent his father from developing pressure sores and did not properly treat the pressure sores that developed, causing his father's eventual death.

In July 2020, Palm Terrace moved for summary judgment on the ground that there was no disputed issue of fact as to whether Palm Terrace's care caused Villasenor's father's death. Palm Terrace also filed an additional motion for summary judgment on a different ground, arguing that there was not a disputed issue of fact as to whether Palm Terrace breached the standard of care. That motion is not included in the record on appeal and is not the subject of this appeal. Palm Terrace supported the motion on the issue of causation with the declaration of Andrew S. Wachtel, M.D., a medical doctor board certified in internal medicine, pulmonary diseases, and critical care. Wachtel identified the medical records he had reviewed, including those from the decedent's stay

2

at Palm Terrace from July 15, 2016, through August 26, 2016, and after discharge from Palm Terrace.

According to Wachtel, the decedent's medical records revealed that upon admission to Palm Terrace, the decedent "had a Stage II left coccyx pressure ulcer," which was treated during his stay at Palm Terrace and "completely resolved." When Palm Terrace discharged the decedent, a nurse at Palm Terrace evaluated the decedent's skin and noted that decubitus ulcers were not present. Wachtel opined that upon discharge, the decedent's "skin condition was in better condition than it was on admission." Several months after the decedent's discharge from Palm Terrace, on October 31, 2016, the decedent was diagnosed with a "Stage IV ulcer" on his buttocks, which Wachtel opined was not caused by the care provided at Palm Terrace. Wachtel further opined "to a reasonable degree of medical probability" that the ulcer did not cause the decedent's death. Wachtel opined "to a reasonable degree of medical probability" that the decedent's death instead was caused by "pneumonia with accompanying sepsis which ultimately resulted in cardiorespiratory arrest." The decedent's death certificate documents that his death resulted from cardiorespiratory arrest and rectal cancer.

A hearing on the motion was held on October 27, 2020. Villasenor had not filed opposition to the motion, so the trial court granted it. The next day, Villasenor filed an ex parte application to set aside the order, which the court granted. The court set a hearing on the summary judgment motion for November 19, 2020, and ordered the deadlines for

filing opposition and reply papers to be reset to run from the new hearing date.[1]  At the hearing, the court noted that throughout the litigation, plaintiff's counsel had repeatedly requested extensions, failed to attach exhibits to a declaration submitted in opposition to an earlier motion for summary judgment, and failed to correct defects after being notified of them by the court.  The court warned plaintiff's counsel that the newly set summary judgment hearing would not be continued again to allow counsel to correct any defects in the opposition.

Nine days before the scheduled hearing, on November 10, 2020, Villasenor filed his opposition to the motion, along with declarations from Villasenor and his attorney and other evidence.  The opposition contained two substantive argument sections.  The first section was entitled, "[Palm Terrace] fails to prove the nonexistence of a tria[ble] issue of material fact as to [Villasenor's] claims regarding [Palm Terrace's] neglect, and [the] decedent's injury and ultimate death."  (Boldface and capitalization omitted.)  In that section, Villasenor argued that Palm Terrace had a heightened standard of care because it was aware upon the decedent's admission that he was at high risk of developing pressure ulcers and because he required assistance "with toileting functions and ambulation."  Villasenor argued that the allegations in his complaint and the declaration of his expert, Dr. Marvin Pietruszka, (which he had never filed) created a triable issue of material fact

---

[1]     At the hearing, the trial court mistakenly stated that the due dates would be reset for November 29, 2020, and not the new hearing date of November 19, 2020.

as to whether Palm Terrace breached the standard of care.[2] That section of Villasenor's opposition did not make any arguments concerning the issue of causation.

Villasenor next argued that Palm Terrace's expert declaration was deficient. Villasenor claimed that Palm Terrace had filed an expert declaration from Dr. Karl E. Steinberg, which Villasenor argued contained no evidentiary value. (Palm Terrace did not file a declaration from Steinberg to support this motion.) Villasenor argued that Steinberg's declaration was insufficient to carry Palm Terrace's burden of demonstrating that Palm Terrace had met the applicable standard of care.

Two days after filing the opposition, Villasenor filed the declaration of Pietruszka, a medical doctor specializing in anatomic and clinical pathology, occupational medicine, and toxicology. Pietruszka identified the medical records he had reviewed, including those from Palm Terrace. Villasenor informed Pietruszka that Palm Terrace had released his father with a bedsore that Villasenor noticed postdischarge, which Palm Terrace did not document in the decedent's medical records. Pietruszka opined: "Palm Terrace was responsible for the care of [the decedent] when the sore developed. Their failure to adhere to the standard of care and take necessary precautionary measures caused the sores and allowed them to worsen. [Palm Terrace's] failure to chart or treat [the decedent's] sores, and discharge him with pressure ulcers was a substantial factor in causing his decline and death."

---

[2] In the introduction section of the opposition, Villasenor stated: Palm Terrace "seeks summary judgment based upon their purported adherence to the 'standard of care.' [Palm Terrace] has not made the requisite showing to obtain an order granting its motion for summary judgment."

The court on its own motion postponed the hearing to the following week. The day before the rescheduled hearing date, Villasenor filed a "corrected declaration" by Pietruszka. (Boldface and capitalization omitted.) The amended declaration was filed after the trial court had issued its tentative ruling on the summary judgment motion. The tentative ruling is not included in the record on appeal.

Counsel for both parties appeared at the hearing the next day. The trial court initially indicated that it was prepared to hear oral argument because Villasenor had requested it. Defense counsel stated that he had not received notice of such a request from plaintiff's counsel. Plaintiff's counsel responded that her office had provided notice by contacting the court. She also indicated that she believed that her office notified defense counsel. Defense counsel reiterated that he had not received notice. The trial court ruled that Villasenor had waived oral argument by not providing defense counsel with the requisite notice concerning argument. The trial court therefore concluded that the tentative ruling would become the court's final ruling.

Plaintiff's counsel asked the court if it would be amenable to reconsidering its ruling in light of the amended declaration of Pietruszka, which had been filed the previous day. According to plaintiff's counsel, the amended declaration was filed to "address[] some of the deficiencies that [the trial judge] found within the tentative ruling." The trial court explained that it would not consider the additional documentation because it had not been timely filed, and plaintiff's counsel had over nine months to respond to the motion.

6

The trial court granted the motion. Looking at the decedent's death certificate, the amount of time that had passed between the decedent's discharge from Palm Terrace and his death, and Wachtel's expert opinion based on a reasonable degree of medical probability that Palm Terrace had not caused the death, the court concluded that Palm Terrace had produced sufficient evidence to carry its burden of demonstrating that its negligence had not caused the decedent's death and thus shifted the burden to Villasenor. The court concluded that Villasenor "failed to produce sufficient evidence showing a triable issue of fact on the issue of causation." The court reasoned that Pietruszka's only proffered opinion on causation was conclusory and not supported by explanation or reasoning, and Pietruszka did not state "that the pressure sore was the cause of death within a 'reasonable medical probability.'" The court cited *Jennings v. Palomar Pomerado Health Systems, Inc.* (2003) 114 Cal.App.4th 1108, 1117 (*Jennings*) for the proposition that conclusory expert opinions not based on reasoned explanation have no evidentiary value.

On December 3, 2020, Villasenor filed a motion for reconsideration, arguing that Pietruszka's original declaration created a material issue of fact on the issue of causation and that the court should consider Pietruszka's amended declaration containing new facts.

While the reconsideration motion was pending, on December 15, 2020, the court entered judgment in favor of Palm Terrace. One week later, on December 22, 2020, notice of entry of judgment was filed and served.

7

One week later, the court held a hearing on the motion for reconsideration. The court denied the motion, concluding that it did not have jurisdiction to grant the motion after judgment was entered. The court concluded in the alternative that Palm Terrace had not demonstrated new facts, new law, or a change in circumstances warranting relief under Code of Civil Procedure section 1008. (Unlabeled statutory references are to the Code of Civil Procedure.)

Villasenor moved for a new trial under section 657 and to vacate the judgment under section 663. The trial court denied the motions.

STANDARD OF REVIEW

The trial court may grant summary judgment if there is no triable issue of material fact and the issues raised by the pleadings may be decided as a matter of law. (§ 437c, subds. (c), (f)(2); *Biancalana v. T.D. Service Co.* (2013) 56 Cal.4th 807, 813.) A moving defendant must show that one or more elements of the challenged cause of action cannot be established or that there is a complete defense to the cause of action. (§ 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849 (*Aguilar*).)

Once the moving defendant has carried its initial burden, the burden shifts to the plaintiff to show a triable issue of material fact with respect to the cause of action or defense. (§ 437c, subd. (p)(2); *Aguilar*, *supra*, 25 Cal.4th at p. 849.) The court must consider all of the evidence and the reasonable inferences from it in the light most favorable to the nonmoving party. (*Aguilar*, at p. 843.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the

8

underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Id.* at p. 850.)

We review summary judgment orders de novo and apply the same legal standard as the trial court. (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.) We independently examine the record to determine whether there are triable issues of material fact and whether the moving party is entitled to summary judgment as a matter of law. (*Ibid.*) "'While we must liberally construe plaintiff's showing and resolve any doubts about the propriety of a summary judgment in plaintiff's favor, plaintiff's evidence remains subject to careful scrutiny.'" (*Doe v. Department of Corrections & Rehabilitation* (2019) 43 Cal.App.5th 721, 732-733.)

## DISCUSSION

A. *Oral Argument for Summary Judgment Motion*

Villasenor appears to argue that the trial court erred by not allowing him to present oral argument at the hearing on the summary judgment motion. The argument is not supported by any legal authority or analysis, so it is forfeited. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 161 (*United Grand*).) In any event, the argument fails on the merits.

Local rule 3316 of the Superior Court of Riverside County, as adopted according to the authority granted under Rule 3.1308 of the California Rules of Court, provides that tentative rulings "may issue" on civil law and motion matters. (Super. Ct. Riverside County, Local Rules, rule 3316(A).) "The tentative ruling shall become the ruling of the

9

Court unless, by 4:30 p.m. on the court day before the scheduled hearing, a party gives notice of intent to appear to all parties and the court." (Super. Ct. Riverside County, Local Rules, rule 3316(B).)

The trial court found that Villasenor failed to comply with the local rule by failing to notify defense counsel of his intent to appear and to present oral argument. Villasenor did not submit any evidence to the contrary. Moreover, Villasenor does not contend that the trial court failed to comply with the local rule. Given Villasenor's counsel's failure to comply with the local rule, we conclude that the trial court did not err by declining to allow oral argument.

B. *Palm Terrace's Initial Burden*

Villasenor argues that Palm Terrace failed to carry its initial burden of demonstrating the nonexistence of a triable issue of material fact on the issue of causation. In support of that argument on appeal, Villasenor claims that "Wachtel's opinion does not show that [Villasenor] cannot prove the element of causation," and Villasenor cites Wachtel's declaration to demonstrate the alleged insufficiency. Palm Terrace argues that the argument is forfeited because Villasenor did not make it in the trial court, which Villasenor disputes. We agree with Palm Terrace. Villasenor forfeited the argument by failing to raise it in the trial court.

The only substantive arguments Villasenor made in his opposition in the trial court were that Palm Terrace failed to carry its burden of demonstrating the nonexistence of a material issue of fact on the standard of care and that the declaration from Palm Terrace's

10

nonexistent expert, Steinberg, was deficient. Aside from those substantive arguments, Villasenor made two conclusory statements in the opposition concerning Palm Terrace's failure to carry its initial burden on the issue of causation, but those conclusory statements were unsupported by legal argument or analysis.

First, Villasenor asserted in the section outlining the standard of review: "Here, [Palm Terrace] has not alleged sufficient facts to carry the burden, to show that their neglect, and omissions were not the cause or a substantial factor which caused [the decedent's] death." Villasenor cited paragraphs three through 21 of his expert's declaration to support that proposition. Villasenor did not provide any argument explaining how Palm Terrace's evidence was insufficient to the carry its initial burden on the issue of causation.

Second, Villasenor argued that Palm Terrace had "not met its burden of showing that no triable issue of material fact exists as to any of [Villasenor's] claims." But that statement was not supported by any citation to the record or legal analysis.

Villasenor did not otherwise argue or demonstrate through citations to the record or legal analysis how Wachtel's expert opinion on the issue of causation was insufficient to carry Palm Terrace's initial burden. In fact, Villasenor only mentioned Wachtel once in the opposition. Villasenor claimed that "Wachtel's deliberate omission of critical facts from the record used as the basis for his opinion renders his testimony unreliable and an improper basis for summary judgment." That conclusory statement was not supported by any citation to the record.

11

Aside from that singular reference to Wachtel, Villasenor devoted his opposition to attacking the sufficiency of the nonexistent declaration of Steinberg. As Palm Terrace correctly points out on appeal, Palm Terrace relied on the expert opinion of Wachtel, not that of Steinberg. Villasenor does not offer any explanation for the erroneous references to and argument he made about Steinberg in his opposition to the summary judgment motion on the issue of causation.[3]

In sum, Villasenor failed to argue in the trial court that Wachtel's declaration was insufficient to carry Palm Terrace's initial burden of demonstrating that there were no triable issues of fact as to causation. Moreover, Villasenor's conclusory statements in the opposition that Palm Terrace failed to carry its initial burden are insufficient to preserve the argument on appeal because Villasenor did not develop the argument in the trial court. (See *Henderson v. Equilon Enterprises, LLC* (2019) 40 Cal.App.5th 1111, 1125 (*Henderson*).) We decline to consider this fact-intensive argument for the first time on appeal. (*Jimenez v. 24 Hour Fitness USA, Inc.* (2015) 237 Cal.App.4th 546, 567; *Fernandez v. Alexander* (2019) 31 Cal.App.5th 770, 780 (*Fernandez*).)

C. *Plaintiff's Expert's Initial Declaration*

Villasenor argues that the trial court erred by concluding that he failed to carry his burden of demonstrating a triable issue of material fact as to causation. He contends that Pietruszka's initial declaration was sufficient and that the trial court erred by concluding

---

**3** It is possible that Palm Terrace filed a declaration by Steinberg in support of its summary judgment motion on breach of the standard of care. However, that motion and its supporting evidence are not included in the record on appeal.

12

otherwise. Villasenor did not develop that argument in the trial court either, so it too is forfeited. (*Henderson*, *supra*, 40 Cal.App.5th at p. 1125.) Citing 18 paragraphs of Pietruszka's declaration and 10 paragraphs of his own declaration, Villasenor argued in one sentence: "Further there is a material issue of fact as to whether [Palm Terrace's] omission and failure to treat the sores on [the decedent's] buttocks was a substantial factor in his demise." That conclusory statement is not sufficient to preserve the issue for appeal.

In any event, the argument also lacks merit. Villasenor contends that Pietruszka's initial declaration was sufficient to create a triable issue of fact when the declaration is properly viewed in the light most favorable to him. We disagree.

In actions arising from medical negligence, a plaintiff must show that the defendant's "breach of the standard of care was the cause, within a reasonable medical probability, of [the] injury." (*Bushling v. Fremont Medical Center* (2004) 117 Cal.App.4th 493, 509; *Belfiore-Braman v. Rotenberg* (2018) 25 Cal.App.5th 234, 247 [causation "'must be proven within a reasonable medical probability based on competent expert testimony, i.e., something more than a "50-50 possibility"'"].) "If an expert provides an opinion in support of a motion for summary judgment, he or she must provide the facts upon which the expert's conclusions are based." (*Doe v. Good Samaritan Hospital* (2018) 23 Cal.App.5th 653, 662 (*Doe*).) When an expert renders an opinion without providing a reasoned explanation of why the underlying facts lead to the ultimate conclusion, the opinion "'has no evidentiary value because an expert opinion is

worth no more than the reasons and facts on which it is based.'" (*Brown v. Ransweiler* (2009) 171 Cal.App.4th 516, 530 (*Brown*).) Conclusory assertions are not sufficient to defeat summary judgment. (*Ibid.*)

Pietruszka's initial declaration asserted that Palm Terrace's "failure to chart or treat Decedent's sores, and discharge him with pressure ulcers was a substantial factor in causing his decline and death." Pietruszka reached that conclusion as to the ultimate issue in dispute—namely, whether Palm Terrace's negligence caused the decedent's death—without providing any reasoned explanation as to why or how the underlying facts led to that conclusion. The lack of reasoned explanation amounts to "the very definition of a 'purely conclusory' opinion." (*Fernandez*, *supra*, 31 Cal.App.5th at p. 782.) Pietruszka did not explain how pressure sores in general can contribute to or cause death, let alone explain how the decedent's pressure sores caused his death. Moreover, Pietruszka did not even acknowledge the causes of death listed on the death certificate, let alone explain how the listed causes of death were consistent with his conclusion that pressure sores actually caused the decedent's death. Because Pietruszka did not provide any reasoned explanation or basis for his opinion on the cause of the decedent's death, Pietruszka's opinion on the issue had no evidentiary value. (See *Alexander v. Scripps Memorial Hospital La Jolla* (2018) 23 Cal.App.5th 206, 229 (*Alexander*) ["Without at least some minimal basis, explanation, or reasoning, Dr. Boggeln's conclusions as to causation in his May declaration had no evidentiary value"].)

14

Villasenor's arguments to the contrary are unavailing. Villasenor argues that Pietruszka "clearly state[d] that the breach of care and the resulting conditions created by [Palm Terrace] ultimately contributed to [the decedent's] death" because Pietruszka documented "the pressure ulcers that were not charted but identified as the basis for the infection that was developed as documented by the lab work that resulted in the [decedent's] death." This amounts to nothing more than a conclusory assertion about the sufficiency of Pietruszka's declaration. Villasenor fails to demonstrate how his assertions are reasonable inferences drawn from Pietruszka's declaration, even when the declaration is viewed in the light most favorable to him.

The argument also mischaracterizes the record. Pietruszka's initial declaration never stated that the pressure sores caused an infection that caused the decedent's death, as demonstrated by some unspecified lab work. Instead, Pietruszka stated, without explanation, that Palm Terrace's "failure to chart or treat [the d]ecedent's sores, and discharge him with pressure ulcers was a substantial factor in causing his decline and death."

In addition, Villasenor misquotes Pietruszka's opinion on causation as follows: "A failure to chart, and a failure to disclose the sore put the patient at risk for sores and infection which ultimately contributed to his death." (Boldface and underlining omitted.) That quote does not appear on the cited page of Pietruszka's initial declaration or anywhere else in that declaration, as best we can determine. Villasenor also inaccurately

15

claims that Pietruszka stated his opinion to a reasonable degree of medical certainty, which Pietruszka did not do.

Pietruszka's declaration was the only evidence that Villasenor produced to carry his burden of demonstrating the existence of a triable issue of fact as to causation. Viewing the declaration in the light most favorable to Villasenor, we conclude that Villasenor failed to carry his burden on this issue. (*Kelley v. Trunk* (1998) 66 Cal.App.4th 519, 524-525 [summary judgment standard "not satisfied by laconic expert declarations which provide only an ultimate opinion, unsupported by reasoned explanation"].) We consequently conclude that the trial court properly granted Palm Terrace's motion for summary judgment on the issue of causation.

D. *Plaintiff's Expert's Amended Declaration*

Villasenor argues that the trial court deprived him of his "substantive rights" by failing to consider Pietruszka's amended declaration, which Villasenor filed the day before the hearing and after the trial court issued its tentative ruling. He argues that the court should have continued the hearing in order to accept additional evidence because of the gravity of the substantive issue involved, namely, "causation of death." Villasenor does not support those arguments with any legal authority or analysis. He consequently has forfeited them. (*United Grand*, *supra*, 36 Cal.App.5th at p. 161.)

E. *Motion for Reconsideration*

Villasenor argues that the trial court erred by denying his motion for reconsideration because it presented new and different circumstances sufficient to qualify

16

for reconsideration under section 1008. The argument lacks merit because it fails to address the trial court's first ground for denying the motion, namely, that the court lacked jurisdiction to grant it after entering judgment. Villasenor acknowledges that "the motion for reconsideration was not denied on the merits" but does not challenge the jurisdictional ruling on appeal. In any event, the jurisdictional ruling was correct. The court lost jurisdiction to grant reconsideration when it entered judgment. (See *APRI Ins. Co. S.A. v. Superior Court* (1999) 76 Cal.App.4th 176, 182 ["Once the trial court has entered judgment, it is without power to grant reconsideration. The fact that a motion for reconsideration may have been pending when judgment was entered does not restore this power to the trial court"].)

F. *Motion for New Trial*

Villasenor moved for a new trial on the grounds of irregularity in the proceedings, insufficiency of the evidence, and errors in law. (§ 657, subds. (1), (6), & (7).) He argues that the trial court erred by denying his motion for a new trial on those grounds. His arguments lack merit.

Section 657, subdivision (1), permits the trial court to grant a new trial based on an "[i]rregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial." The trial court may grant a new trial based on insufficient evidence supporting the judgment under section 657, subdivision (6), and based on an error of law under section 657, subdivision (7). "An order granting summary judgment is properly

17

challenged by a motion for a new trial," "'even though, strictly speaking, "summary judgment . . . is a determination that there shall be no trial at all."'" (*Brewer v. Remington* (2020) 46 Cal.App.5th 14, 23, quoting *Aguilar*, *supra*, 25 Cal.4th at p. 858.) "A trial court has broad discretion in ruling on a new trial motion, and the court's exercise of discretion is accorded great deference on appeal." (*Fassberg Construction Co. v. Housing Authority of City of Los Angeles* (2007) 152 Cal.App.4th 720, 752.) To the extent the order denying a new trial motion after summary judgment "relies on the resolution of a question of law, including the existence of triable issues of fact, we examine the matter de novo." (*Doe v. United Air Lines, Inc.* (2008) 160 Cal.App.4th 1500, 1505.)

First, Villasenor argues that under subdivision (1) of section 657 the judgment should be reversed because the trial court's "order excluding the declaration [of Pietruszka] was an improper order of the court." (Boldface and initial capitalization omitted.) In support of that contention, he argues that the trial court's conclusion that Pietruszka's initial declaration did not carry Villasenor's burden of demonstrating a triable issue of material fact on causation amounted to an irregularity of the proceedings. He also argues that the trial court should have granted reconsideration because Pietruszka's amended declaration presented "new and different circumstances." For reasons we have already explained, the arguments are meritless. The trial court's rulings were not erroneous and therefore did not constitute an irregularity in the proceedings.

18

Second, Villasenor argues that the trial court erred by denying his new trial motion under section 657, subdivision (6), because there is insufficient evidence to support the judgment. In support of that argument, he contends that Palm Terrace did not carry its initial burden on the issue of causation. He asserts that "Wachtel's opinion does not show that [Villasenor] cannot prove the element of causation." Villasenor does not support the argument with any legal authority or analysis explaining how this ground for a new trial motion applies in the context of summary judgment. The argument lacks merit in any event. Wachtel opined to "a reasonable degree of medical probability" that the decedent's death was caused by "pneumonia with accompanying sepsis which ultimately resulted in cardiorespiratory arrest" and not by a skin ulcer. That constitutes sufficient evidence to support granting the motion for summary judgment.

Third, Villasenor argues that the trial court erred by denying his new trial motion under subdivision (7) of section 657 because he claims that the trial court applied the wrong legal standard to analyzing Pietruszka's declaration and that Pietruszka's opinion created a triable issue of material fact on causation. Villasenor argues that the trial court improperly relied on *Jennings*, *supra*, 114 Cal.App.4th 1108, for the following proposition: "'[W]hen an expert's opinion is purely conclusory because unaccompanied by a reasoned explanation connecting the factual predicates to the ultimate conclusion, that opinion has no evidentiary value because an expert opinion is worth no more than the reasons upon which it rests.'" Villasenor claims that this standard does not apply at the

summary judgment stage and that *Jennings* is inapplicable because it involved an appeal following a jury trial. Villasenor fails to explain why the procedural distinction matters.

Moreover, an expert opinion filed at the summary judgment stage also contains no evidentiary value if it is purely conclusory and fails to connect the underlying factual predicates to the ultimate conclusion. (See, e.g., *Sanchez v. Kern Emergency Medical Transportation Corp.* (2017) 8 Cal.App.5th 146, 155; *Fernandez*, *supra*, 31 Cal.App.5th at p. 781; *Alexander*, *supra*, 23 Cal.App.5th at p. 229; *Doe*, *supra*, 23 Cal.App.5th at p. 662; *Brown*, *supra*, 171 Cal.App.4th at p. 530.) None of the cases Villasenor cites undermines that legal proposition.

Instead, the cases Villasenor cites stand for the distinct and equally applicable principles that in the context of a summary judgment motion, "we liberally construe the declarations for the [nonmoving party's] experts" (*Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 125-126), and that Villasenor "is entitled to all favorable inferences that may reasonably be derived from [Pietruszka's] declaration" (*Hanson v. Grode* (1999) 76 Cal.App.4th 601, 607; *Zavala v. Arce* (1997) 58 Cal.App.4th 915, 935; *Branco v. Kearny Moto Park, Inc.* (1995) 37 Cal.App.4th 184, 189; see also *Garrett v. Howmedica Osteonics Corp.* (2013) 214 Cal.App.4th 173, 189 ["a reasoned explanation required in an expert declaration filed in opposition to a summary judgment motion need not be as detailed or extensive as that required in expert testimony presented in support of a summary judgment motion or at trial"]). "But these principles in no way eliminate the need for some form of 'reasoned explanation,' and it remains the case that any inferences

must 'reasonably be derived from' the declaration." (*Fernandez*, *supra*, 31 Cal.App.5th at p. 782.) Courts may not "'relax the rules of evidence in determining the admissibility of an opposing declaration. Only *admissible evidence* is liberally construed in deciding whether there is a triable issue.'" (*Id*. at p. 779.)

Thus, the trial court did not commit an error in law by concluding that Pietruszka's opinion on the issue of causation had no evidentiary value because it was not supported by a reasoned explanation connecting the underlying facts to the ultimate conclusion. The trial court's application of that rule does not demonstrate that the court did not liberally construe Pietruszka's declaration or did not view it in a light favorable to Villasenor. Moreover, Villasenor does not suggest what inferences the trial court failed to draw from the declaration. Viewing Pietruszka's declaration in the light most favorable to Villasenor, we see no reasonable inferences that would connect the facts to Pietruszka's ultimate conclusion. Accordingly, the trial court did not err by rejecting this ground for Villasenor's motion for a new trial.

Fourth, Villasenor argues that the trial court should have granted the new trial motion because the court committed an error of law by denying the motion for reconsideration. Villasenor does not explain what error he believes the trial court committed and does not support the assertion with any legal argument or analysis. The argument is consequently forfeited. (*United Grand*, *supra*, 36 Cal.App.5th at p. 161.)

For all of these reasons, we conclude that the trial court did not err by denying Villasenor's motion for new trial.

21

G. *Motion to Vacate the Judgment*

Villasenor argues that the trial court erred by denying his motion to vacate the judgment. In the trial court, Villasenor moved to vacate the judgment under section 663. His opening brief on appeal does not mention section 663 and instead erroneously refers to the motion to vacate as having been brought under section 657, which governs new trial motions. Thus, Villasenor does not raise any arguments concerning the motion to vacate that he actually filed, so there are no arguments for us to address. In any event, a motion to vacate under section 663 is not a proper procedural vehicle for seeking to vacate a summary judgment and to restore the action to the trial calendar (*Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 202-203), which is the relief Villasenor sought. The trial court therefore did not err by denying Villasenor's motion to vacate under section 663.

DISPOSITION

The judgment is affirmed. Palm Terrace shall recover its costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ _____

J.

We concur:

McKINSTER _____

Acting P. J.

RAPHAEL _____

J.

22