MEMORANDUM *
Defendants-Appellants Gleason, Monsoor, and Roque (“officers”) appeal the district court’s denial of their motion for summary judgment on the basis of qualified immunity. Plaintiff-Appellee Marie Sales brought suit against the City of Tustin and the officers under 42 U.S.C. § 1983 and state law alleging, among other things, that the officers violated her son’s Fourth Amendment rights when they detained him, searched him, and attempted to arrest him. Appellee’s son, Paul Quintanar, was tragically struck and killed by a car exiting the freeway after he ran away from officers while they were attempting to arrest him for possession of marijuana. We review a district court’s denial of summary judgment on the basis of qualified immunity de novo, Mattos v. Agarano, 661 F.3d 433, 439 (9th Cir.2011) (en banc), and we reverse.
1. As a threshold matter, we have jurisdiction under 28 U.S.C. § 1291 to review the denial of summary judgment on qualified immunity grounds notwithstanding the absence of a final judgment. Plumhoff v. Rickard, — U.S. —, 134 S.Ct. 2012, 2018-20, 188 L.Ed.2d 1056 (2014) (citing Johnson v. Jones, 515 U.S. 304, 309, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995)); see also Mattos, 661 F.3d at 439, n. 2. Appellee contends that a district court’s decision to deny summary judgment for qualified immunity on the basis that there is a genuine issue of material fact cannot be appealed. See Cunningham v. City of Wenatchee, 345 F.3d 802, 806-07 (9th Cir.2003) (“Interlocutory appeals are not available when the appellate court is required to resolve a ‘fact-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial.’” (quoting Johnson v. Jones, 515 U.S. 304, 307, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995))). However, we were not asked to determine whether there is a genuine issue of material fact. We were asked to determine whether— taking the facts as alleged by the Appel-lee — the officers are entitled to qualified immunity. Thus, we have jurisdiction over this interlocutory appeal, and Appellee’s motion to dismiss the appeal for lack of jurisdiction is denied. See id. at 807 (“The officials must present the appellate court with a legal issue that does not require the court to ‘consider the correctness of the plaintiffs version of the facts — ’ ” (quoting Johnson, 515 U.S. at 312, 115 S.Ct. 2151)).
2. The officers are entitled to qualified immunity, because they did not violate a clearly established constitutional right. See Pearson v. Callahan, 555 U.S. 223, 231-32, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Under clearly established law, a law enforcement officer may “approach an individual in public and ask him if he is willing to answer questions.” United States v. Washington, 490 F.3d 765, 770 (9th Cir.2007). The officer also has probable cause to arrest an individual for possession of a controlled substance when that individual admits he has marijuana. United States v. Pope, 686 F.3d 1078, 1084 (9th Cir.2012); see also People v. Kelly, 47 Cal.4th 1008, 103 Cal.Rptr.3d 733, 222 P.3d 186, 188 (2010); Cal. Health & Safety Code § 11357(a) (2011). In addition, the *617 officer may ask “for consent to search, ‘as long as [he does] not convey a message that compliance .., is required.’ ” Washington, 490 F.3d at 770 (quoting Florida v. Bostick, 501 U.S. 429, 435, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)). Because the applicable law did not place the illegality of the officers’ conduct “beyond debate,” Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011), the officers are entitled to qualified immunity. In other words, contrary to the dissent, we find no clearly established law that specifically alerted the officers that their approach of, request to search, and attempted arrest of Quintanar violated the Fourth Amendment.
The district court’s denial of the officers’ motion for summary judgment on the basis of qualified immunity is REVERSED.
Costs awarded to Defendants-Appellants on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R, 36-3.