Filed 9/12/24  Sales v. City of Tustin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARIE SALES, | |
| Plaintiff and Appellant, | G062445 |
| v. | (Super. Ct. No. 30-2018-01039545) |
| CITY OF TUSTIN et al. | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment and postjudgment order of the Superior Court of Orange County, James L. Crandall, Judge. Affirmed.

Richard P. Herman for Plaintiff and Appellant.

Woodruff & Smart, Caroline A. Byrne, Roberta A. Kraus, and Meredith D. Stewart for Defendants and Respondents.

\*          \*          \*

After her teenage son was killed when he ran onto a freeway while fleeing from police officers, Marie Sales sued the City of Tustin and the officers for wrongful death and for violation of the Bane Act (Civ. Code, § 52.1). We previously reversed the trial court's dismissal of the case based upon its finding that the complaint was time barred, and we remanded the case for further proceedings. The trial court then granted defendants' second motion for summary judgment and denied Sales's motion for reconsideration. Sales appealed. We affirm.

FACTS

At about 8:30 p.m. one summer evening in 2011, 19-year-old Paul Quintanar[1] was behind a convenience store in Tustin with his 14-year-old girlfriend. Officer Gleason of the Tustin police department, who was in uniform and on duty in a marked police car, performed a "pedestrian check" on the couple based on the difference in their ages. He approached the couple and asked what they were doing in the alley.

Gleason then asked the couple if they had anything illegal in their possession. Paul admitted to possessing marijuana and concentrated cannabis, which he claimed to have purchased legally; he then consented to a search of his person. Gleason called for backup, searched Paul, and found marijuana and other contraband.

Gleason believed Paul was in violation of Health & Safety Code section 11357, subdivision (a) (possession of concentrated cannabis). He also suspected Paul was involved in drug sales and contributing to the

---

[1] We hereafter use Paul's first name for clarity purposes. No disrespect is intended.

2

delinquency of a minor. After conferring with the officers who arrived as backup, Gleason decided to place Paul under arrest.[2]

While Gleason was attempting to handcuff him, Paul broke free and began to run northbound through the alley toward the 5 freeway. Two of the officers pursued Paul on foot, though they remained about 80 to 100 feet behind him. Paul jumped over a chain link fence, ran across a street, under the freeway overpass, and then up the freeway offramp. He then ran onto the freeway, where he was struck and killed by oncoming traffic.

Paul's mother, Marie Sales, filed a complaint in federal court against the police officers and the City of Tustin (collectively, Defendants), asserting claims for wrongful death and violation of title 42 United States Code section 1983 based on the alleged violation of her son's Fourth Amendment rights when they detained, searched, and attempted to arrest him. The case was litigated for several years. In an interlocutory appeal, the Ninth Circuit Court of Appeals determined the officers' conduct did not violate the Fourth Amendment, and the officers were "entitled to qualified immunity, because they did not violate a clearly established constitutional right." (*Sales v. City of Tustin* (9th Cir. 2016) 649 Fed.Appx. 615, 616.) On remand, the district court dismissed Sales's federal claim, declined to exercise supplemental jurisdiction over her remaining state law wrongful death claim, dismissed that claim without prejudice, and entered judgment against Sales.

Sales filed a second complaint against Defendants in Orange County Superior Court, asserting causes of action for wrongful death and for

---

[2] The video recording equipment in Officer Gleason's police car recorded the majority of his interaction with Paul. Although that recording was in the record before the trial court, it is not part of our record on appeal.

violation of the Tom Bane Civil Rights Act (Civ. Code, § 52.1; Bane Act). Defendants moved for summary judgment, asserting the complaint was time barred, the issues were already litigated to final judgment in the federal case, and Sales could not maintain a derivate Bane Act claim for harm to her son. The trial court found the complaint was time barred and granted the motion without reaching Defendants' other arguments. We reversed, holding the complaint was timely. (*Sales v. City of Tustin* (2021) 65 Cal.App.5th 265.)

Defendants then filed a second motion for summary judgment on different grounds. In their second motion Defendants asserted that the Bane Act claim failed because the officers did not use threats, intimidation, or coercion and did not act with specific intent to violate Paul's rights. They also argued both claims failed because the officers are immune from liability under Government Code section 845.8, which provides that public entities and employees are not liable for injuries caused by an escaping arrested person or person resisting arrest.

The trial court tentatively found Defendants were entitled to summary judgment because Sales's claims were barred by Government Code section 845.8. After oral argument, however, the court withdrew its tentative and took the matter under submission to consider additional issues raised by the parties, including the res judicata effect of the federal court judgment and whether Government Code section 845.8 applies to the Bane Act claim. The court then issued a minute order granting summary judgment for Defendants, finding the Bane Act claim was barred because there was no evidence that the officers used threats, intimidation, or coercion, or that they had a specific intent to violate Paul's rights.

Sales filed a motion for reconsideration, followed by an ex parte application to vacate the judgment and order and reinstate the trial date. The

trial court denied her ex parte application, entered an order granting the summary judgment motion, and entered judgment for Defendants. The order stated that Government Code section 845.8 bars both claims; the Bane Act cause of action fails because there was no evidence that Paul's stop and detention was accompanied by threats, intimidation, or coercion; and the Bane Act cause of action also fails because Sales could not prove the officers had a specific intent to violate Paul's rights.

The trial court denied Sales's motion for reconsideration, noting it could not rule on such a motion after entering judgment. (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 192 ["trial court may not rule on a motion for reconsideration after entry of judgment"].) The court added that even if it were to reach the merits, the motion would be denied because Sales had not shown any new or different facts, circumstances, or law supporting a change. (Code Civ. Proc., § 1008.)

Sales filed a timely notice of appeal from the judgment and from the order denying her motion for reconsideration.[3]

DISCUSSION

I.

PRINCIPLES GOVERNING SUMMARY JUDGMENT

A trial court may grant summary judgment only if the moving papers establish there is no triable issue of material fact, and the moving

[3] Defendants moved to dismiss the appeal as untimely. This court initially granted the motion, finding the appeal was untimely and Sales had not established good cause to construe the motion for reconsideration as a motion for new trial. Sales petitioned for rehearing and provided additional documents. Finding good cause to construe the motion for reconsideration as a motion for new trial, this court found the appeal was timely, vacated its order dismissing the appeal, and denied Defendants' motion to dismiss.

5

party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment bears the initial burden of presenting evidence that a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense. (*Id.*, subd. (p)(2).) If the defendant satisfies this initial burden, the burden shifts to the plaintiff to present evidence demonstrating there is a triable issue of material fact. (*Ibid.*)

"In evaluating the summary judgment motion and opposition, the trial court 'must consider all of the evidence and all of the inferences drawn therefrom.' [Citation.] The moving party's evidence is strictly construed, while the opponent's is liberally construed. [Citation.] All reasonable inferences must be drawn in favor of the opposing party and 'summary judgment cannot be granted when the facts are susceptible of more than one reasonable inference . . . .'" (*Blaylock v. DMP 250 Newport Center, LLC* (2023) 92 Cal.App.5th 863, 870.)

"'"'We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained.'" [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party.'" (*Hartford Casualty Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 286.)

"We must affirm a summary judgment if it is correct on any of the grounds asserted in the trial court, regardless of the trial court's stated reasons. [Citation.] Even if the grounds entitling the moving party to a summary judgment were not asserted in the trial court, we must affirm if the parties have had an adequate opportunity to address those grounds on

appeal." (*Garrett v. Howmedica Osteonics Corp.* (2013) 214 Cal.App.4th 173, 181 (*Garrett*).)

## II.

### SCOPE OF THE APPEAL

Before turning to the merits of Sales's appeal, we first address its scope. Sales's opening brief fails to include a summary of significant facts or citations to the record by volume and page number. (See Cal. Rules of Court, rule 8.204(a)(1)(C), (a)(2)(C); cf. *LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061 [appellate court may deem an argument waived if a party fails to support it with the necessary citations to the record].) Although Sales asserts in her brief that she seeks a "reversal of summary judgment," she never addresses the trial court's ruling on her wrongful death cause of action, instead focusing exclusively on whether the officers' conduct violated the Bane Act. We therefore treat any challenge related to her wrongful death claim as waived. (*Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 554–555 [even when our review on appeal is de novo, it is limited to issues that were adequately raised and supported in the opening brief; issues not raised therein are deemed waived]; *Garrett, supra,* 214 Cal.App.4th at p. 180, fn. 4 [by not challenging grant of summary judgment as to certain claims, the appellant abandons any claim of error as to those claims].)

Sales's opening brief also fails to discuss the applicability of Government Code section 845.8 to her Bane Act claim, which, as noted, was one of several grounds on which the trial court granted summary judgment. Because Sales failed to address that issue, we could treat her challenge to the ruling on the Bane Act claim as waived and affirm the court's grant of

7

summary judgment on that basis alone. We decline to do so, however, and instead address her arguments on the merits.

III.

THE BANE ACT CAUSE OF ACTION

Sales's argument seems to be that summary judgment on the Bane Act cause of action was improper because there is a question of fact as to whether the officers used threats, intimidation, or coercion in a manner that violated Paul's constitutional and statutory rights. After reviewing the record de novo, we disagree.

The Bane Act creates a civil cause of action against anyone who "interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." (Civ. Code, § 52.1, subd. (a); see § 52.1, subd. (b).) A Bane Act claim has therefore "two distinct elements": the "plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 67.) "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." (*Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 883.)

After reviewing the record de novo, we find no evidence here to suggest the officers used the threats, intimidation, or coercion needed to

8

maintain a Bane Act claim. Paul's girlfriend, who witnessed Paul's interactions with the police, testified at her deposition that she did not hear the officers say anything threatening; they never yelled or shouted; they never got "physical" with Paul; they never pushed, struck, or shoved him; and no one appeared angry. Although she initially testified the officers "kept badgering [Paul]," she then clarified that she meant they asked him questions, such as where he worked and who he lived with. And although she at one point testified that Paul ran away because the officers threatened him, she acknowledged she never heard any threat; she was just "guessing" because she did not hear their entire conversation.

It is undisputed that the officers never drew their weapons. And Sales's expert witness on police procedures, who issued several opinions concerning the officers' training and the lack of reasonable suspicion to detain Paul, did not opine that the officers used threats, intimidation, or coercion to stop Paul.[4]

In short, because there is no triable issue of fact as to whether the officers used threats, intimidation, or coercion (other than the inherent coercion in the detention and attempted arrest), summary judgment for Defendants on the Bane Act cause of action was appropriate, as was the order denying Sales's motion for reconsideration.

---

[4] The expert testified at deposition that the officers' act of chasing Paul after he fled amounted to improper force. However, the federal district court rejected Sales's argument that the officers' act of chasing Paul was an act of excessive force, and we agree with that conclusion.

## DISPOSITION

The judgment and postjudgment order are affirmed. Defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278.)


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.